## Wytheville.

### RICHMOND PASSENGER & POWER CO v. ROBINSON.

#### June 12, 1902.

1. BILLS OF EXCEPTION—*Rulings on Instructions.*—One bill of exceptions, duly taken, is sufficient to bring up for review, in the appellate court, all of the instructions given or refused over objections thereto, though the exceptant may, in the appellate court, abandon his objection to any one or more of the rulings excepted to.

2. PLEADING—*Declaration—Exemplary Damages—How Charged.*—Exemplary damages need not be claimed *eo nomine* in the declaration. It is sufficient if the facts averred warrant the finding of such damages, and are stated with sufficient distinctness to inform the defendant of the nature of the charge he is required to meet.

3. PLEADING—*Negligence—Exemplary Damages—How Claimed in Declaration.*—A charge in a declaration against an electric street railway company that it so carelessly and negligently constructed and maintained its tracks and wires, and so carelessly and negligently failed to keep them in repair, as to permit the escape of electricity by which the plaintiff was directly injured—describing the manner and extent of the injury—is sufficient to warrant the introduction of evidence tending to show such negligence on the part of the company at the time of, and immediately preceding for several months, the injuries to the plaintiff as would justify the finding of exemplary or punitive damages.

4. DAMAGES—*Mental Anguish—Excessive Verdict—Case at Bar.*—In an action to recover damages for a physical injury inflicted on the plaintiff, the jury may consider such inconvenience, discomfort, and mental suffering as might have been entailed upon him by the injuries, and also his consequent disability. Under the evidence in this case, a verdict for $550 cannot be regarded as excessive, and there is nothing to warrant the conclusion that the jury were in-

fluenced by partiality or prejudice, or any mistaken view of the evidence.

Error to a judgment of the Circuit Court of the city of Richmond, rendered June 7, 1901, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Henry Taylor, Jr.,* for the plaintiff in error.

*Henry R. Pollard,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

John E. Robinson brought his action of trespass on the case against the Richmond Passenger and Power Company, a corporation operating an electric street railway line in the city of Richmond, and recovered a judgment of $550 as damages resulting from the alleged negligence of the defendant company.

The declaration filed consists of one count, and charges that the defendant had constructed its railway in the streets of the city of Richmond, and used electricity as a motive power; that it was its duty, at all times, to construct, maintain, keep in order and repair its tracks, wires, and other equipment, so that persons might travel with safety upon the streets of the city, without damage or hurt from electricity, yet the said defendant, not regarding its duty, did so carelessly and negligently construct and maintain its tracks, wires, and other equipments, and did so carelessly and negligently keep in repair and order its said equipments, as to allow the escape therefrom of a current of electricity; that by reason of the carelessness, negligence, and default of the defendant in the premises, the plaintiff, without fault or negligence on his part, was, on July 19, 1900, at the intersection of Eighteenth and Franklin streets, in the city

aforesaid, greatly bruised, wounded, &c., by a current of electricity from the tracks or wires of the defendant, whereby the plaintiff became sick, sore, &c., and was damaged to the amount of $1,500.

It appears from the evidence that the plaintiff was a driver of the delivery wagon of a groceryman doing business in the city of Richmond, and, while driving his wagon, the day he received the injuries of which he complains, along one of the streets of the city, and when crossing the track of the defendant at the intersection of Eighteenth and Franklin streets, his horse was thrown down by an electric shock received by coming in contact with the track, and he, the plaintiff, thereby thrown from his wagon to the ground, receiving also an electric shock, and was taken up in an insensible condition, and remained unconscious for twenty-four hours; that after a severe illness of several months, he was only able to return to his work in November following, but was then in delicate health, as a result of his injuries, and, though his strength was several months after fully restored, his mental condition at the time of the trial of this cause, June 7, 1901, was still impaired.

It further appears that not only was the track of the defendant, at and near the point where the plaintiff sustained his injuries, in a dangerous condition, electricity continually escaping therefrom, but this condition had continued for about eighteen months next preceding this accident, without the defendant taking any efficient steps towards remedying the defects.

We are asked to reverse the judgment of the Circuit Court, and award a new trial first, because of misdirection of the jury; and second, because the verdict is excessive.

The trial court gave five instructions to the jury, four of which were asked by the plaintiff, and the fifth by the defendant.

No objection is made here to plaintiff's instructions, other than the fourth. It is in the words following:

"The jury are instructed that, in actions of this kind, if the

jury find the defendant guilty, under the evidence and instructions of the court, and if they further find from the evidence that the defendant was guilty of a wanton disregard of the duty resting upon it, as explained in the first instruction, and that the plaintiff has sustained any actual damage thereby, then the jury, in assessing the plaintiff's damage, are not limited to the mere compensation for the actual damage sustained, as explained in the last foregoing instruction, but they may give him such further sum by way of exemplary or punitive damages as will be preventive in its nature, operating in a measure to deter people from offending in like manner."

Objections were made by the defendant during the progress of the trial to the admission of the evidence as to the dangerous condition of the tracks of the defendant in the locality of the accident to the plaintiff, prior to the accident, which were overruled, but no bills of exception taken to the rulings.

"A general bill of exceptions, certifying all the evidence in a cause, and noting, at intervals, that objection was made to questions propounded, and the objection overruled by the court and exceptions taken, is not a sufficient exception to the ruling of the court on such exception. In order to have the benefit of an exception to the ruling of the trial court, on a motion to reject or admit evidence, there must be a bill of exception, signed by the judge, clearly and distinctly pointing out such erroneous ruling complained of; otherwise the objection will be regarded as abandoned. And while there may be several exceptions saved by the same bill, yet each must set forth clearly and distinctly the ground of objection relied on, so that there may be no confusion among them." *N. & W. Rwy. Co.* v. *Shott*, 92 Va. 34, and authorities there cited.

This rule, however, applies only to exceptions taken to the ruling of the trial court on a motion to reject or admit evidence, and not, as counsel for plaintiff contends, to exceptions taken to rulings of the court on the giving or refusal of instructions asked.

One bill of exception, duly taken, will be regarded as sufficient to bring up for review, in an appellate court, all of the instructions given by the trial court over objections thereto, or all of those refused, though the exceptant may, in the appellate court, abandon his objection to any one or more of the rulings excepted to.

The objection urged to the fourth instruction given for the plaintiff, set out above, is that there are no allegations in the declaration under which an instruction for punitive damages could have been given.

The declaration, after setting out fully the duty of the defendant to keep in order and repair its tracks, &c., that persons might travel with safety the streets of the city, without damage or hurt from electricity, alleges that the defendant, not regarding its duty in this respect, did so carelessly and negligently construct and maintain its tracks, wires, &c., and did so carelessly and negligently fail to keep in repair or order its said equipment, as to allow the escape from its tracks of a current of electricity, whereby plaintiff was injured, &c. These allegations were sufficient to inform the defendant of the charge which it would be required to meet, viz: that it had so carelessly and negligently failed to construct, maintain, and keep in repair or order its tracks as to allow to escape therefrom a current of electricity, whereby plaintiff had been injured, &c.

Evidence as to the manner and as to the extent that the defendant had been careless and negligent in the performance of the duties set out in the declaration as due and owing to the plaintiff and others travelling upon the streets of the city of Richmond was clearly relevant to the issue joined in the case.

In *Brighthope R. R. Co.* v. *Rogers*, 76 Va. 443, the suit was to recover damages resulting to the plaintiff from the escape of sparks from an engine of the defendant railroad company, and evidence was admitted to show that the engine, on several prior occasions, had set fire to fields, forests, and other combustible

matter along the line of the road. In commenting on this evidence, the court said that it showed that the defendant company had been guilty of gross negligence, a want of ordinary care, in the conduct of its business. See also *Patteson, Trustee,* v. *C. & O. Rwy. Co.,* 94 Va. 16. In neither of those cases did the declaration set out that the wrongful act charged had been accompanied with acts of aggravation, malice, oppression, or willful wrong, nor was there any general allegation of *alia enormia.*

In the more recent case of *Wood* v. *The Bank, ante* p. 306, the declaration, as in this case, contained a recital of the acts or defaults on the part of the defendant, which it was alleged resulted in the damages to the plaintiff for which he sued, and the lower court having refused to allow the plaintiff to introduce evidence tending to support a claim for exemplary damages, this court awarded him a new trial.

In the opinion of the court by Whittle, J., the authorities bearing upon the question are fully reviewed, and it was said that "the doctrine fairly deducible from them is that exemplary damages need not be claimed *eo nomine* in the declaration. But if the facts averred warrant the awarding of such damages under the law, and are stated with sufficient distinctness to inform the defendant of the charge which he is required to meet, it is sufficient."

There was evidence in the case at bar, as we have seen, tending to show such negligence on the part of the defendant in the conduct of its business at the time of, and immediately preceding (for several months), the injuries to the plaintiff as would justify exemplary or punitive damages, and therefore there was no error in giving the instruction complained of.

At the trial, over ten months after the plaintiff received his injuries, he had not fully recovered from the effect thereof, and the amount allowed him by the jury was only $550. Of this, at least $200, as the evidence clearly shows, might properly have been allowed for medical attendance, medicines,

nursing, and loss of wages, and the remaining $350 cannot be considered as an unreasonable compensation for such physical pain and suffering as the plaintiff experienced, or was likely to experience.     Such inconvenience, discomfort, and mental suffering as might have been entailed upon him by the injuries and consequent disability were also to be considered.     These were elements of damage which the jury were authorized to consider by plaintiff's third instruction, to which no objection is made. This leaves out of view exemplary or punitive damages altogether, and there is nothing whatever in the finding of the jury to warrant the belief that they were influenced by partiality or prejudice, or by any mistaken view of the merits of the case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*