# CHARLESTON

STEVENS v. FRIEDMAN.

Submitted March 14, 1905, Decided May 27, 1905.

1. ARGUMENT OF COUNSEL—*Jury Trial.*

Where, in the trial of a civil action before a jury, the plaintiff, having the affirmative of the issue, was represented by three attorneys and the defendant by two attorneys, it was not error for the court to permit the arguments to the jury to proceed by alternate arguments by the attorneys for the plaintiff and the attorneys for the defendant, beginning and concluding with an argument for the plaintiff. (p. 79.)

2. MARRIAGE OF FEMALE PLAINTIFF—*Abatement.*

The marriage of a female plaintiff, pending an action brought by her for damages for a personal injury, is not cause for abatement of the action. (p. 82).

3. VINDICTIVE OR PUNITIVE DAMAGES—*When Assessed.*

In actions of tort, where gross fraud, malice, oppression, or wanton, wilful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive or vindictive damages, these terms being synonymous. *Mayer* v. *Frobe, et al.,* 40 W. Va. 246. (p. 80).

4. DAMAGES—*When Excessive.*

In a case where exemplary damages may properly be awarded, the verdict of a jury will not be set aside on the ground alone that the damages awarded are excessive, unless the amount is so large as to evince passion, prejudice, partiality or corruption in the jury. (p. 85).

5. DAMAGES—*Evidence—Assault and Battery.*

In a civil action to recover damages for assault and battery, evidence of complaints and representations made by plaintiff indicative of present pain and exhibiting the natural symptoms and effects of the injury, is admissible. (p. 83).

Error to Circuit Court, Kanawha County

Action by Cora E. Stevens against Jacob Friedman. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

LINN, BRYNE & CATO, for plaintiff in error.

J. W. KENNEDY and J. C. THOMAS, for defendant in error.

Cox, Judge:

On the first trial of this action of trespass on the case, by Cora E. Stevens against Jacob Friedman, for damages for assault and battery, in the circuit court of Kanawha county, there was a verdict and judgment for $500.00, in favor of the plaintiff, to which a writ of error was allowed the defendant and the case thereon decided by this Court, reported in 53 W. Va. 79. After the case was remanded a new trial was had resulting in a verdict in favor of the plaintiff for $1,000.00, which defendant moved to set aside; but the motion was overruled and judgment was entered thereon, and defendant excepted. To that judgment a writ of error was allowed by this Court.

We borrow the statement of the case from the former opinion, as follows: "The plaintiff went to the defendant's store, and by pretending that she wanted to take it, got possession of a hat which she did not want, and on which she had previously paid fifty cents, for the purpose of compelling the defendant to repay her the fifty cents. He, thinking she was going to carry away the hat, without paying for it, rushed at her and seized the hat, taking it from her and pushing her toward the door. She, claiming that she was greatly wounded in her feelings and hurt in her side, brought suit, which resulted in the judgment aforementioned."

We will consider the reasons alleged for reversing the last judgment and for setting aside the verdict upon which it was predicated, taking up the assignments of error *seriatim.*

First, that the demurrer to the declaration should have been sustained.

The declaration is sufficient in law, and this assignment does not seem to be relied on in argument. The demurrer was properly overruled.

Second, that it was error for the court below to permit counsel for plaintiff to open and close the argument before the jury, and, in addition thereto, to make an intermediate speech.

There were three attorneys for the plaintiff and two for the defendant in the trial below, and the court permitted the arguments to the jury to proceed by alternate arguments for plaintiff and for defendant, beginning and ending with an

argument for plaintiff. The plea was not guilty. The affirmative of the issue was with the plaintiff. Her attorneys were entitled to open and close the argument to the jury. The order of arguments permitted by the lower court, violates no rule of law or practice. For a full discussion of this subject, see *B. & O. R. R. Co.* v. *P. W. & Ky. R. R. Co.*, 17 W. Va. 848; *Simmons* v. *Hawver*, 25 W. Va. 678; Thompson on Trials, sec. 930; 4 Minor Inst. 904; 2 Enc. Pl. & Prac. 705. We cannot see that a fairer order of arguments than the one adopted by the lower court, could have been devised. Defendant had the benefit of an arguments by one of his attorneys in answer to everything said against him, except in the closing argument to which the plaintiff was entitled.

Third, That it was error to give to the jury instructions Nos. 1 and 2, at the instance of the plaintiff.

No. 1 is as follows: "The jury are instructed that if they should believe from the evidence that defendant had the right to take the said hat from the possession of the plaintiff, yet if they further believe that he used violence more than was necessary to be used, and that she was injured physically thereby, and was caused to suffer physical pain thereby, then plaintiff is entitled to recover." This instruction clearly propounded the law applicable to this case. 23 Am. & Eng. En. Law. 973; *Commonwealth* v. *Donahue* (Mass) 12 Am. St. Rep. 592; *McKowen* v. *McDonald*, (Pa) 82 Am. Dec. 676.

Instruction No. 2, is as follows: "The jury are instructed that if they believe from the evidence that the defendant committed an assault and battery upon the plaintiff, as alleged in the declaration, and that she is entitled to recover, then in determining the amount of damages, they are authorized to take into consideration any physical injury, if any, caused thereby, as well as any physical suffering, if any, caused thereby, and also such punitive or exemplary damages as they may judge proper and just in the premises, if they find from the evidence that said assault and battery was wanton or wilful."

Great stress is placed upon the objection to this instruction and to the rule of punitive or exemplary damages therein laid down. This instruction conforms to the rule of exemplary damages announced by this Court in *Mayer* v. *Frobe et al.*, 40 W. Va. 246, whereby the rule as to exemplary dam-

ages stated in the cases of *Pegram* v. *Stortz*, 31 W. Va. 220, and *Beck* v. *Thompson*, 31 W. Va. 459, was overruled. Where certain elements are present, in actions of tort, the case of *Mayer* v. *Frobe*, seems to be sustained by the great weight of authority in this country; and it may now be considered as settled law in this State that in actions of tort, where gross fraud, malice, oppression, or wanton, wilful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others, appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive or vindicative damages, these terms being synonymous. See *Riddle* v. *McGinnis*, 22 W. Va. 277; 3 Cyc. 1108, and many cases there cited; *Borland* v. *Barkett*, 76 Va. 128. It is claimed that there was no evidence upon which to base this instruction. We cannot say that there was not sufficient evidence upon which to predicate this instruction. It was rather a question as to what testimony the jury would give credence. If credence were given to the testimony of the plaintiff's witnesses, then the assault in this case was wanton and wilful. At least, there was evidence tending in that direction, and the instruction was proper.

Fourth, that it was error to refuse instruction No. 3, asked by the defendant, both its in original and its in modified form.

The law applicable to the subject matter of this instruction, was laid down in instructions Nos. 1 and 2, given for the defendant. Instructions Nos. 1 and 2 correctly propounded the law upon the facts mentioned, and we think the court went as far as it was proper in instructions to the jury. Instruction No. 3 was properly refused.

The 5th assignment of error will be considered hereafter with the 11th assignment.

Sixth: This assignment is, in effect, that the *allegata* and *probata* did not agree.

The *gravamen* of the charge in the declaration, was that the defendant committed an assault and battery upon the person of the plaintiff. It is claimed that there is a misstatement, in the declaration, of the purpose for which plaintiff was in the store of defendant at the time of the assault, when viewed in the light of the evidence, and that this constituted a variance. The purpose for which plaintiff was in defendant's store, is not material to the charge in the declaration.

The averment of purpose might be stricken therefrom and the declaration remain sufficient. We have carefully examined the case of *Wilkinson* v. *Pensacola & Atlantic R. R. Co.* 35 Fla. 82, relied upon by defendant, but we cannot concede that it goes to the extent claimed for it by defendant. We conceive the rule to be as laid down by Chitty's Pl.: If "the matter unnecessarily stated be wholly foreign and irrelevant to the cause, so that no allegation whatever on the subject was necessary, it will be rejected as surplusage and it need not be proved; nor will it vitiate, even on a special demurrer; it being a maxim that *utile per inutile non vitiatur*. As observed by Lord Mansfield, 'the distinction is between that which may be rejected as surplusage, which might be struck out on motion, and what cannot. Where the declaration contains impertiment matter, foreign to the cause, and which the master on a reference to him, would strike out (irrelevant covenants, for instance,) that will be rejected by the court, and need not be proved. But if the very ground of the action be misstated, that will be fatal, for then the case declared on is different from that which is proved and the plaintiff must recover *secundum allegata et probata*.'" 1 Chitty Pl. (11 Am. Ed) 229. "Mr. J. Holroyd said: 'If the plaintiff state, as a cause of action, more than is necessary for the gist of the action, the jury may find so much proved and so much not proved, and the court would be bound to pronounce judgment for the plaintiff upon that verdict, provided that the facts proved constituted a good cause of action.'" *Id.* 229. The matter complained of here is no part of the ground of action and need not be proved as laid. Consequently, no material variance occurred.

"Seventh, because it is shown in the evidence that, at the time of the institution of this suit, the plaintiff was an unmarried female infant; that during the pendancy of this suit, she became an infant under coverture, and was, at the time of the trial, a married woman of full age; and the cause should, therefore, have abated or have been revived in the name of her husband." At common law the wife and husband must join in a suit for damages for an injury to the person of the wife, the husband being a necessary party. Failure to join him in the action, seems to have been cause for abatement; but the rule is wholly changed in our practice and under our

statute. The husband is no longer a necessary party; in fact, his existence or nonexistence is immaterial to the maintainance of the action. If he exists, failure to join him is no cause for abatement. *Normile* v. *Wheeling Traction Company*, decided by this Court, 49 S. E. Rep. 1030.

The 8th assignment will hereafter be considered with the 5th and 11th assignments.

Ninth, that it was error to permit witnesses Margaret and A. C. Stevens to testify as to complaints made by plaintiff as to her physicial condition subsequent to the alleged assault, and as to non-complaint prior thereto.

These witnesses were the parents of the plaintiff and were allowed to testify as to complaints by plaintiff after the injury, exhibiting the natural symptoms and effects of the injury, and to the fact that she did not complain before the injury. The weight of authority seems to sustain the admissibility of this evidence in civil cases, within certain limitations. "The representations of a sick person, of the nature, symptoms and effects of the malady under which he is laboring at the time, are received as original evidence." 1 Greenleaf Ev. sec. 162*b*. In case of *Kuney* v. *Dutcher*, 56 Mich. 308, it was held that on the trial of an action for assault and battery committed three years before, members of plaintiff's family may give an account of his physical condition before the assault, of his sufferings then and since, and of his continued infirmities, without apparent improvement.

"Complaints and representations indicative of present pain, whether made before or after the suit, but as exhibiting the natural symptoms and effects of the injury, and whether made to a medical expert or other person, are admissible." *Towle* v. *Blake*, 48 N. H. 92.

"It has frequently been held that exclamations of bodily or mental pain and contemporaneous statements as to where the pain is, are admissible in evidence of the existence and locality of the pain. The declarations must be concerning the present condition, and the evidence must generally relate to such complaints and expressions as usually and naturally furnish testimony of the present existing physical condition." Elliott on Ev. secs. 523-4. See also Wigmore on Ev. sec. 1718.

"While a witness, not an expert, can testify only to such

exclamations and complaints as indicate present existing pain and suffering, a physician may, testify to the statement or narrative given by his patient, in relation to his condition, symptoms, sensations and feeling, both past and present. In both cases (physician and ordinary witness) these declarations are admitted from necessity; because in this way only can the bodily condition of the party * * * be ascertained." *Roosa* v. *Land Co.* 132 Mass. 439.

Tenth, that it was error to refuse to permit the defendant to show that plaintiff had defendant arrested and taken before a justice on a charge of assault and battery, growing out of this alleged assault, and that defendant was acquitted of the charge, etc., on the ground that these facts were part of the *res gestae*; and that the court refused to permit the witness Lulu Fielder, to answer the question: " Were you a witness on that trial ? "

After the alleged assault, it is claimed that plaintiff went before a justice and had defendant arrested for assault and battery, on which charge defendant was afterward tried and acquitted. This record of acquittal, defendant desired to introduce as part of the *res gestae*. We do not think that this subsequent trial and acquittal can be considered as a part of the *res gestae*. It was not a part of the assault and battery, a part of the principal thing done, a part of the subject matter. On this subject see *Little* v. *Commonwealth*, 25 Grat. 921; *People* v. *Vernon*, 35 Cal. 49; *Ry. Co.* v. *Buck*, 116 Ind. 566; *V. & M. R. R.* v. *O'Brien*, 119 U. S. 99; 3rd Cyc. 1098; 1 Greenleaf on Ev. secs. 108-110; *State* v. *Abbott*, 8 W. Va. 753; *Beckwith* v. *Mollohan*, 2 W. Va. 477; *Corder* v. *Talbott*, 14 W. Va. 277; 24 Am. & Eng. Enc. Law, 681-3. It was not error to refuse to permit witness Lulu Fielder to answer whether or not she had been a witness on the trial before the justice. This fact, standing alone, was wholly immaterial. If the defendant desired to lay the basis for contradiction or impeachment of the witnesses, on the ground that she had testified differently on the trial before the justice, then he should have so stated to the court, but he did not. He only asked to prove the single isolated fact that she had been a witness in that trial, and its refusal was proper.

We will now consider together the 5th, 8th and 11th assignments of error.

5th, that the verdict is contrary to the evidence.

8th, that the evidence shows clearly that the defendant merely took such steps as were necessary to the recaption of the property, of the possession of which he had been fraudulently and illegally deprived by the plaintiff; and that in so doing, he used no greater force than was reasonably necessary for the purpose.

Eleventh, that the verdict is excessive.

We cannot say that the evidence showed that defendant used no more force than was necessary to repossess himself of the property in question. We cannot say that there was no evidence sustaining the plaintiff's case. As we have said, it was only a question as to what witnesses and to what testimony the jury should give credence. It is the almost exclusive province of the jury, to determine the credibility and weight of the testimony.

The damages awarded were $1,000.00. It may be difficult to see from reading the record, how the jury arrived at the conclusion that plaintiff was entitled to $1,000.00, damages, under the evidence and circumstances presented. But in obedience to plain law, we feel compelled to sustain the finding. Both plaintiff and defendant were before the jury and testified as witnesses. The jury had the opportunity of seeing their demeanor in court and upon the witness stand, and was better able to determine the questions of intent, motive, malice, wantonness and wilfulness so material upon the question of the *quantum* of damages, than those who had no such opportunities. If we are correct in what we have said in relation to Instruction No. 2, given for plaintiff, we cannot disturb the verdict on the ground that it is excessive. The principle of law applicable is clearly stated by Mr. Minor, 4 Minor Inst. 930: "The estimation of damages is peculiarly within the province of the jury, they being considered especially competent to determine such matters, and, therefore, it is particularly incumbent upon the Court to forbear any encroachment upon the function of the jury in this particular, save in the strongest cases of prejudice. No mere difference of opinion on the part of the Court however decided, justifies an interference with the verdict for this cause, but the amount must be so out of the way as to evince passion, prejudice, partiality or corruption in the jury."

This principle has been restated or repeated in whole or in part in all our decisions on this subject.

Finding no reversible error in this record, we affirm the judgment of the circuit court of Kanawha county entered in this action on the 2nd day of November, 1903.

*Affirmed.*