# CHARLESTON

FULLER v. MARGARET MINING COMPANY.

Submitted February 18, 1908.    Decided December 2, 1908.

1. APPEAL AND ERROR—*Record—Matters to be Shown by—Rulings on Evidence.*

   It is well settled that the Appellate Court will not consider objections or exceptions to parts of testimony taken in the trial of a case, unless the same are specifically and particularly pointed out by bill of exceptions or in the brief of counsel or the assignment of errors and brought to the attention of the Court.   (p. 439.)

2. TRIAL—*Direction of Verdict—Waiver of Motion.*

   In the trial of a case when the plaintiff has given in his evidence in chief and rests, and the defendant moves to strike out plaintiff's evidence and his motion is overruled and the defendant excepts but goes on with the trial giving in his evidence, he will be held to have waived his exceptions to such ruling.   (p. 439.)

3. MASTER AND SERVANT—*Injuries to Servant—Proximate Cause.*

   In the trial of a case for damages for personal injuries, when it is

sought to hold the master liable for such injuries because of the incompetency of a mine boss, not only the incompetency of the mine boss must be proved, but such incompetency must be shown to be the proximate cause of the injury or to have directly contributed thereto.    (p. 440.)

4.    APPEAL AND ERROR—*Determination and Disposition of Cause—Rendition of Judgment.*

When in such case a judgment for the plaintiff is reversed because the evidence is not sufficient to sustain it, judgment will not be rendered by the Appellate Court for the defendant unless it affirmatively appears from the record that the plaintiff could not present a different case on a new trial.    (p. 441.)

Error to Circuit Court, Mingo County.

Action by Elijah Fuller against the Margaret Mining Company.    Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

ANDERSON, STROTHER & HUGHES, for plaintiff in error.

JOHN L. STAFFORD and MARCUM & MARCUM, for defendant in error.

McWHORTER, JUDGE:

Elijah Fuller, while employed as a coal loader in one of the mines of the Margaret Mining Company, a corporation, was, on the 23rd day of January, 1906, injured by a fall of slate and on the 28th day of June, 1906, instituted in the circuit court of Mingo county his action of trespass on the case against said mining company, laying his damage at $20,-000.. The declaration alleged negligence on the part of the defendant in not providing a safe place for its employees to work and in employing a mining boss who was incapable and incompetent as inside overseer.

At a regular term of said circuit court the defendant appeared and demurred to the declaration and each count thereof, which demurrer the court overruled and the defendant entered its plea of not guilty and issue was joined.    On the 7th day of June, 1907, the case was tried before a jury.    After the plaintiff had introduced all his evidence the defendant moved the court to strike out the evidence of the plaintiff and direct a verdict for defendant, which motion the court overruled and the defendant excepted.    The defendant then introduced its evidence and after hearing all the evidence and

arguments of counsel and receiving instructions the jury returned a verdict for $500 in favor of the plaintiff. Defendant moved to set aside the verdict and render a verdict in its favor, which motion was overruled by the court and judgment rendered for the plaintiff to which rulings of the court defendant excepted.

The defendant obtained a writ of error and *supersedeas* from this Court. In the course of the trial the defendant excepted to the rulings of the court in admitting certain evidence on behalf of the plaintiff and refusing to admit certain evidence on behalf of the defendant. Not one exception taken to the exclusion or admission of any part of the evidence has been pointed out specifically by bill of exceptions or in the brief of counsel or upon the motion for a new trial or otherwise, to enable this Court to pass upon such portions of the evidence as were excepted to in the course of the trial. It has been held in various cases by this Court, as well as the court of appeals of Virginia, that the Court will not consider objections and exceptions to parts of testimony taken in the trial of a case unless the same are specifically and particularly pointed out by bill of exceptions or in the brief of counsel and brought to the attention of the Court. *Carlton* v. *Mays*, 8 W. Va. 245; *Johnston* v. *Jennings*, 10 Grat. 1, (Syl. Point 1); *Beirne* v. *Rosser*, 26 Grat. 237; *Harman* v. *Lynchburg*, 33 Grat. 37; *Railroad Co.* v. *Amphey*, 93 Va. 108, (25 S. E. 226); *Warren* v. *Warren*, 93 Va. 73, 74, (24 S. E. 913); *Railroad Co.* v. *Shott*, 92 Va. 34, (22 S. E. 811); *Lake* v. *Tyree*, 90 Va. 719, (19 S. E. 787); *Richmond Passenger Co. &c.* v. *Robinson*, 100 Va. 397, (41 S. E. 719); *Kay* v. *Railroad Co.*, 47 W. Va. 467, (35 S. E. 974.)

The overruling of defendant's motion to strike out the evidence of plaintiff and direct a verdict for defendant is complained of as error. After the court had overruled the defendant's motion and defendant had excepted to the court's ruling, the defendant proceded to introduce testimony on its behalf and by so doing waived its exception to the rulings of the court on said motion. In *Poling* v. *Ohio R. R. Co.*, 38 W. Va. 646, it is held: "A defendant who, after the plaintiff has given in his evidence in chief and rests, moves the court to instruct the jury to render a verdict for defendant, but, the motion being overruled, goes on with his case, will

be held to have waived his exception taken to such ruling of the court." *Milling Co.* v. *Watkins,* 41 W. Va. 787, 791; *Young* v. *R. R. Co.,* 42 W. Va. 112; 46 Cent. Dig. sec. 981.

It is assigned as error that the court gave improper instructions on behalf of the plaintiff but the plaintiff in error fails to include such instructions in its bill of exceptions and they in no way appear in the record; also that defendant asked for certain instructions a part of which were given and a part refused, three of which are included in the bill of exceptions but it does not appear whether they are the ones given or the ones refused. However, counsel for defendant are assumed to have abandoned this assignment of error as it is in no wise referred to in their brief.

The only question to be determined in the case seems to be whether the incompetency of the mining boss employed by the defendant was the proximate cause of the injury complained of. Bailey in his work on Master's Liability for injuries to servant, page 70 says: "It is understood, of course, that the incompetency of the servant in all cases in order to charge the master, was the proximate cause of the injury. The mere fact that the servant was incompetent, and the master had knowledge thereof, is of no importance, unless therein is found the cause of the injury or a cause contributory thereto, without which it might have been avoided or not have happened." In *Kersey* v. *Railroad Co.,* 79 Mo. 362, it is held: "To enable a servant to recover of his master of his injuries sustained through the instrumentality of a fellow-servant, it is not sufficient to show that the fellow-servant was incompetent and that the master was guilty of negligence in employing him. It must also appear that the fellow-servant was guilty of some act of negligence or unskillfulness directly contributory to the injury." *Johnston* v. *Railroad Co.,* 114 Pa. St. 443; *Gulf &c. R. Co.* v. *Schwabbe,* 21 S. W. (Tex.) 706.

In the case at bar there was evidence tending to prove the incompetency of the mine boss at times, not by reason of his inexperience or want of capacity but by reason of his habit of drinking to intoxication, thus rendering himself incapable at such times of performing his duties properly. The evidence, however, is not sufficient to sustain the verdict, in that it

fails to in any way connect any act of negligence or unskillfulness on the part of the mine boss with the injuries complained of. But as it does not affirmatively appear that upon another trial of the case the plaintiff could not show that the incompetence and neglect of the mine boss was the proximate cause of the injuries complained of, or contributed thereto, we reverse the judgment, set aside the verdict and remand the case for a new trial. See *Squilache* v. *Tidewater Coal & Coke Company*, recently decided by this Court but not yet reported.

*Reversed and Remanded.*