## NORFOLK & P. TRACTION CO. v. MILLER.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

### No. 864.

**1. COURTS (§ 372*)—FEDERAL COURTS—RULES OF DECISION—MATTERS OF LOCAL LAW.**

Whether a carrier is liable for exemplary damages for wanton and oppressive conduct by a servant toward a passenger is a question of general jurisprudence, and not of local law, on which the federal courts, in the absence of express statutory regulation, will exercise their own judgment uncontrolled by the decisions of state courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 977; Dec. Dig. § 372.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**2. DAMAGES (§ 91*)—EXEMPLARY DAMAGES—ELEMENTS—GUILTY INTENTION.**

In actions of tort, exemplary damages may be awarded if defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, but a guilty intent must be proved in order to justify such allowance.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 193–201; Dec. Dig. § 91.*]

**3. PRINCIPAL AND AGENT (§ 159*)—MISCONDUCT OF AGENT—LIABILITY OF PRINCIPAL—EXEMPLARY DAMAGES.**

A principal, though liable to make compensation for injuries done by his agent within the scope of his employment, is not liable for exemplary or punitive damages merely by reason of wanton, oppressive, or malicious intent on the part of the agent, nor unless such misconduct has been so ratified as to make the principal particeps criminis of the agent's act.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 159;* Damages, Cent. Dig. § 208.]

**4. CARRIERS (§ 314*)—INJURIES TO PASSENGERS—PUNITIVE DAMAGES—PLEADING.**

Under the rule that, though punitive damages need not be demanded in name in the declaration, facts showing a right to recover such damages must be pleaded, a declaration for injuries to a passenger alleging gross insults by the motorman and conductor of defendant's car, culminating in assault on plaintiff by another of defendant's servants, failing to allege that such wrongful acts were either participated in, authorized, or ratified by defendant company, was insufficient to authorize a recovery of punitive damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1276; Dec. Dig. § 314.*]

**5. PLEADING (§ 403*)—CURE BY SUBSEQUENT PLEADING—DEFECTS IN DECLARATION.**

Where, in an action by a street car passenger for an assault committed by one of defendant's servants, the declaration did not allege any facts showing that defendant had ratified the alleged misconduct of its servants so as to authorize a recovery of punitive damages, the fact that defendant pleaded justification in defense did not supply such defect.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. APPEAL AND ERROR (§ 1031*)—REVIEW—HARMLESS ERROR.

 An error will not be regarded immaterial or harmless unless it appears beyond a doubt that it did not and could not have prejudiced the rights of the objecting party.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Action by Hugh Gordon Miller against the Norfolk & Portsmouth Traction Company. Judgment for plaintiff, and defendant brings error. Reversed.

W. H. Venable and Eppa Hunton, Jr. (Henry W. Anderson, on the brief), for plaintiff in error.

Hugh Gordon Miller, for defendant in error.

Before PRITCHARD, Circuit Judge, and KELLER and McDOWELL, District Judges.

McDOWELL, District Judge. This is an action for damages, tried before the late Judge Purnell, brought by the defendant in error, who will be hereafter referred to as the plaintiff, against the plaintiff in error, who will be referred to as the defendant, resulting in a verdict and judgment for plaintiff for $3,000 and costs. The declaration alleges repeated and gross insults to the plaintiff by the motorman and conductor of an electric car of defendant's on which plaintiff was a passenger, culminating in an unprovoked assault upon the plaintiff by a lineman (another subordinate employé of the defendant's) who was as is alleged incited and induced to make said assault by the motorman and conductor aforesaid. The declaration wholly fails to allege that the wrongful acts of these subordinate servants of the defendant's were participated in, authorized, or ratified by the defendant.

The defendant filed a plea of not guilty and a plea of justification. An instruction asked for by plaintiff and given, over the objection of defendant, reads as follows:

"That if the jury find that the injuries were committed in a reckless and willful disregard of the rights of the plaintiff as charged in the declaration, and that the defendant, after receiving notice of the facts, continued to retain the said conductor and motorman in its service, thereby intending to ratify such acts, the law allows the jury to give punitive or exemplary damages as a punishment to the defendant; that the object of exemplary damages is to punish a willful offender, and also to deter others from committing like offenses; that such damages may be made adequate as a punishment, and sufficient in amount to accomplish such object."

The following instruction asked for by defendant was refused:

"The court instructs the jury that under the law of this case the plaintiff is not entitled to punitive damages or smart money as punishment to the defendant."

Exceptions were duly taken by the defendant, and these rulings are inter alia assigned as error.

In Lake Shore R. Co. v. Prentice, 147 U. S. 101, 106, 13 Sup. Ct. 261, 37 L. Ed. 97, it is said:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The single question presented for our decision, therefore, is whether a railroad corporation can be charged with punitive or exemplary damages for the illegal, wanton, and oppressive conduct of a conductor of one of its trains towards a passenger.

"This question, like others affecting the liability of a railroad corporation as a common carrier of goods or passengers—such as its right to contract for exemption from responsibility for its own negligence, or its liability beyond its own line, or its liability to one of its servants for the act of another person in its employment—is a question, not of local law, but of general jurisprudence, upon which this court, in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the several states. Railroad Co. v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627; Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 443, 9 Sup. Ct. 469, 32 L. Ed. 788; Myrick v. Michigan Central Railroad, 107 U. S. 102, 109, 1 Sup. Ct. 425, 27 L. Ed. 325; Hough v. Railway Co., 100 U. S. 213, 226, 25 L. Ed. 612."

There is, so far as we are advised, no Virginia statute regulating this subject. Consequently we need not concern ourselves as to the Virginia doctrine on this point.

The rule which should have governed the trial court is thus expressed (at page 107 of 147 U. S., and page 263 of 13 Sup. Ct. [37 L. Ed. 97]) in the case above mentioned:

"In this court the doctrine is well settled that in actions of tort the jury, in addition to the sum awarded by way of compensation for the plaintiff's injury, may award exemplary, punitive, or vindictive damages, sometimes called smart money, if the defendant has acted wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations. But such guilty intention on the part of the defendant is required in order to charge him with exemplary or punitive damages. The Amiable Nancy, 3 Wheat. 546, 558, 559, 4 L. Ed. 456; Day v. Woodworth, 13 How. 363, 371, 14 L. Ed. 181; Philadelphia. &c., Railroad v. Quigley, 21 How. 202, 213, 214, 16 L. Ed. 73; Milwaukee & St. Paul Railway v. Arms, 91 U. S. 489, 493, 495, 23 L. Ed. 374; Missouri Pacific Railway v. Humes, 115 U. S. 512, 521, 6 Sup. Ct. 110, 29 L. Ed. 463; Barry v. Edmunds, 116 U. S. 550, 562, 563, 6 Sup. Ct. 501, 29 L. Ed. 729; Denver & Rio Grande Railway v. Harris, 122 U. S. 597, 609, 610, 7 Sup. Ct. 1286, 30 L. Ed. 1146; Minneapolis & St. Louis Railway v. Beckwith, 129 U. S. 26, 36, 9 Sup. Ct. 207, 32 L. Ed. 585.

"Exemplary or punitive damages, being awarded, not by way of compensation to the sufferer, but by way of punishment of the offender, and as a warning to others, can only be awarded against one who has participated in the offense. A principal, therefore, though, of course, liable to make compensation for injuries done by his agent within the scope of his employment, cannot be held liable for exemplary or punitive damages merely by reason of wanton, oppressive, or malicious intent on the part of the agent."

And again at pages 114 and 115 of 147 U. S., and page 265 of 13 Sup. Ct. [37 L. Ed. 97], it is said:

"The law applicable to this case has been found nowhere better stated than by Mr. Justice Brayton, afterwards Chief Justice of Rhode Island, in the earliest reported case of the kind, in which a passenger sued a railroad corporation for his wrongful expulsion from a train by the conductor, and recovered a verdict, but excepted to an instruction to the jury that 'punitive or vindictive damages, or smart money, were not to be allowed as against the principal, unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it or approving it, either before or after it was committed.' This instruction was held to be right, for the following reasons: 'In cases where punitive or exemplary damages have been assessed, it has been done upon evidence of such willfulness, recklessness, or wickedness on the part of the party at fault as amounted to criminality, which for the good of society and warning to the individual ought to be pun-

ished. ' If in such cases, or in any case of a civil nature, it is the policy of the law to visit upon the offender such exemplary damages as will operate as punishment and teach the lesson of caution to prevent a repetition of criminality, yet we do not see how such damages can be allowed, where the principal is prosecuted for the tortious act of his servant, unless there is proof in the cause to implicate the principal and make him particeps criminis of his agent's act. No man should be punished for that of which he is not guilty.' 'Where the proof does not implicate the principal, and, however wicked the servant may have been, the principal neither expressly nor impliedly authorizes or ratifies the act, and the criminality of it is as much against him as against any other member of society, we think it is quite enough that he shall be liable in compensatory damages for the injury sustained in consequence of the wrongful act of a person acting as his servant.' Hagan v. Providence & Worcester Railroad, 3 R. I. 88, 91, 62 Am. Dec. 377."

The declaration in the case at bar was drafted on the theory that the master is responsible in punitive damages, although not having authorized, participated in, or ratified the act of the servant, if such act was grossly wanton and oppressive. Such declaration, under the rule of substantive law governing the trial court, states no fact showing a right to recover punitive damages from the master, and gave the defendant no notice that it would have to meet evidence tending to show ratification. While punitive damages need not be demanded eo nomine in the declaration, still the facts showing a right to recover such damages must be set out in the declaration. Norfolk & Western R. Co. v. Reeves, 97 Va. 284, 288, 33 S. E. 606; Wood v. Bank, 100 Va. 306, 310, 40 S. E. 931.

In the course of the trial there was evidence introduced by the plaintiff showing that the offending employés had been retained in the service of the defendant, and some evidence in behalf of the defendant tending to disprove ratification by the defendant of the acts of the offending employés. But how much more evidence the defendant could have introduced, had it had notice that there would be such an issue, we have no way of knowing.

It is argued that the fact that there was evidence such as is above mentioned discriminates this case from Lake Shore R. Co. v. Prentice, supra. While it is true that in that opinion the fact is mentioned that there was no evidence of facts justifying punitive damages, such fact is not the reason for the ruling there made. Where A. sues in ejectment for Whiteacre, the introduction of evidence and counter evidence concerning a claim by him to Blackacre also would not justify an objected to instruction authorizing a recovery of both tracts. The declaration here alleges only such facts as show a right to recover compensatory damages. To allow the plaintiff on such a declaration to have an instruction such as was given on the subject of punitive damages was clearly erroneous.

.It is argued that the fact that the defendant filed a plea of justification excuses the want of sufficient allegation in the declaration of facts showing a right to recover punitive damages. In this contention we can perceive no merit. How such a plea can convert a declaration showing only a right to recover compensatory damages into a declaration alleging facts showing a right to punitive damages we cannot understand. Where a right to recover punitive damages from a master arises from a ratification by the master of the act of the servant, as-

suredly the act must have been ratified before the action was instituted. With the effect of a plea of justification to a declaration which alleges a previous ratification, we are not here concerned. That such plea cannot supply the entire lack of allegation of ratification in the declaration is sufficient for this case.

We do not feel called upon to express an opinion upon the contention that the verdict is excessive. The instruction given the jury concerning punitive damages was erroneous, and we cannot say that it did not prejudice the defendant.

"We concede that it is a sound principle that no judgment should be reversed in a court of error when the error complained of works no injury to the party against whom the ruling was made. But, whenever the application of this rule is sought, it must appear so clear as to be beyond doubt that the error did not and could not have prejudiced the party's rights." Deery v. Cray, 5 Wall. 795, 807, 18 L. Ed. 653. "* * * While an appellate court will not disturb a judgment for an immaterial error, yet it should appear beyond a doubt that the error complained of did not and could not have prejudiced the rights of the party duly objecting. Deery v. Cray, 5 Wall. 795, 807, 18 L. Ed. 653; Gilmer v. Higley, 110 U. S. 47, 3 Sup. Ct. 471, 28 L. Ed. 62." Railroad Co. v. O'Reilly, 158 U. S. 334, 337, 15 Sup. Ct. 830, 39 L. Ed. 1006.

The judgment below must be reversed and the cause remanded for such further proceedings as may be proper, with costs in this court to plaintiff in error.

Reversed.