BERNARD O'BRIEN *v.* WALTER BRUCE SNODGRASS

(No. 9148)

Submitted September 4, 1941. Decided September 23, 1941.

*McCamic & Clarke* and *Wesley R. Tinker, Jr.,* for plaintiff in error.
*William C. Piper,* for defendant in error.

ROSE, JUDGE:

This writ of error is prosecuted by Walter B. Snodgrass to a judgment rendered by the Circuit Court of Ohio

County against him in the sum of $700.00 in favor of Bernard O'Brien in an action on the case for trespass *vi et armis*.

The declaration is very brief. It charges that:

"* * * The said defendant, with force and arms assaulted the said plaintiff, and with great force and violence struck, and cut the said plaintiff, about the face, and gave, struck and cut him a · great many other blows, strokes and slashes.

"By means of which said several premises the said plaintiff was then greatly hurt, bruised and wounded, and became and was sick, sore, lame and disordered, and so remained and continued for a long space of time, to-wit, for the space of three weeks then next following, during all of which time, the said plaintiff thereby suffered and underwent great pain and was hindered and prevented from performing and transacting his necessary affairs, business and labor by him during that time to be performed and transacted; and by means of the aforementioned premises, the plaintiff also suffered great mental anguish, and so remained and continued for a long space of time, to-wit, from thence to now."

A written demurrer was filed, argued and overruled, whereupon, upon motion of the defendant, the plaintiff was ordered to file a more specific statement of his cause of action. This he never did. The defendant interposed a plea of the general issue, and a special plea setting up that he was a member of the Department of Public Safety, and that the alleged assaulting and beating of the plaintiff was the necessary and unavoidable use of force to compel him to submit to arrest by the defendant.

In the opening statement to the jury by the plaintiff's attorney, the announcement was made that punitive damages would be demanded, to which defendant's attorney objected, the objection being overruled by the trial court.

In submitting the case to the jury, the trial judge, by certain instructions given on motion of the plaintiff over

the objection of the defendant, directed the jury that they could find "punitive damages" against the defendant, and refused instructions asked by the defendant to the effect that no such damages might be recovered. The following verdict was returned, the form of which had been expressly prescribed by the trial judge:

"We, the jury, find for the plaintiff, and assess his compensatory damages at One Hundred Fifty Dollars ($150.00); and we further find for the plaintiff for punitive damages against the defendant in the sum of Five Hundred and Fifty Dollars ($550.00)."

The evidence on behalf of the plaintiff tended to show that he was a bystander in a crowd while the defendant and other members of the Department of Public Safety were raiding the Embassy Club situated on an alley between Main and Market Streets in the City of Wheeling; that shortly after midnight, as the defendant and two other officers were emerging from the club room, he cried out, once or more, in a voice sufficiently loud to be heard over the noise of the crowd: "We better duck, here come the Boy Scouts," whereupon, the defendant came to him through the crowd and "grabbed me by the collar and slugged me in the jaw" with his fist; that the plaintiff then consented to go with the officer and was immediately hit a second time by the defendant.

The defendant's testimony was to the effect that the plaintiff, while intoxicated, had used this language and expressions of similar import, including "Here is the Goddam Boy Scouts again," a number of times in a loud voice; that the arrest was made for the disturbance of the peace, the molesting of the officers in the performance of their duties and for drunkenness; and that the blows in question were used to overcome resistance to the arrest.

It will thus be seen that the basic question to be considered on this writ of error is whether, under this declaration, punitive or exemplary damages can be recovered by the plaintiff.

This Court has not heretofore clearly pronounced on this question. In no West Virginia case which we have found, or which has been called to our attention, has the question even been raised. In other jurisdictions, however, it has long been settled, and the weight of authority seems to be that, although exemplary or punitive damages need not be pleaded *eo nomine,* the declaration must allege that the tort pleaded was done maliciously, wantonly, wilfully, or with like animus or show facts from which it may be deduced that the act complained of was so done. *Richmond Passenger & Power Co.* v. *Robinson,* 100 Va. 394, 41 S. E. 719; *Wood* v. *American National Bank,* 100 Va. 306, 40 S. E. 931; *Lauria* v. *Du Pont de Nemours,* 241 Fed. 687; *Norfolk, etc., Traction Co.* v. *Miller,* 174 Fed. 607, 98 C. C. A. 453; 15 Am. Jur., Damages, sec. 326, p. 767; 25 C. J. S., Damages, sec. 133, p. 757.

This Court seems to be definitely committed to rules of pleading which require the same conclusion. We have repeatedly held that a claim for any damages which are not the necessary and natural result of the tort pleaded, but which in fact flow from it indirectly in the particular case by reason of surrounding circumstances, must be specially pleaded. *Morrison* v. *Allen,* 106 W. Va. 224, 145 S. E. 277; *Milan* v. *Long,* 78 W. Va. 102, 88 S. E. 618; *Delaney* v. *United States Express Co.,* 70 W. Va. 502, 74 S. E. 512; *Yeager* v. *City of Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Pegram* v. *Stortz,* 31 W. Va. 220, 6 S. E. 485, 490.

In the case of *Morrison* v. *Allen, supra,* the syllabus reads:

> "Where damages which are sought to be recovered for an injury, whether resulting from fraud and deceit or otherwise, are the natural but not necessary result of the facts alleged in the declaration, they must be specifically alleged. In such case a general allegation of damage makes the declaration bad on demurrer."

If this particularity of pleading is necessary to recover for the effects resulting, not necessarily, but remotely or indirectly from the tort, by parity of reasoning, such a

pleading should show facts which must be proved to justify a recovery which does not result in any sense from the tort. Of such character are punitive damages.

The right to punitive damages was at one time seriously questioned in America. This Court, for a time, refused to allow such damages. *Pegram* v. *Stortz,* 31 W. Va. 220, 6 S. E. 485. A number of other jurisdictions took the same position, including Massachusetts, New Hampshire, Georgia, Louisiana, Michigan, Wyoming, Nebraska, Nevada and Washington. The Roman and civil law knew no such damages. It is doubtful if any present-day court would permit the recovery of such damages solely upon reason, unsupported by precedent and authority. The allowance of such damages is an anomaly in our jurisprudence. They are not the "necessary" result of the tort pleaded; they are not even any sort of result thereof; they are not given out of any consideration for the plaintiff, but solely as a punishment of the defendant. *Hess* v. *Marinari,* 81 W. Va. 500, 94 S. E. 968; *Pendleton* v. *N. & W. Railway Co.,* 82 W. Va. 270, 95 S. E 941, 16 A. L. R. 761; *Railway Co.* v. *Beckwith,* 129 U. S. 26, 9 S. Ct. Rep. 207, 32 L. Ed. 585; 1 Sedgwick on Damages (9th Ed.), page 706. Recovery of punitive damages by the plaintiff is a mere incident to the punishment of the defendant. The very right to punitive damages presupposes that the plaintiff has been made completely whole by compensatory damages before punitive damages can even be considered. *Jones* v. *Hebdo,* 88 W. Va. 386, 106 S. E. 898; *Yates* v. *Crozer Coal & Coke Co.,* 76 W. Va. 50, 84 S. E. 626; *Talbott* v. *West Va. C. & P. Ry. Co.,* 42 W. Va. 560, 26 S. E. 311.

Since *Mayer* v. *Frobe,* 40 W. Va. 246, 22 S. E. 58, however, punitive damages have been recoverable in this state. But being of such an extraordinary character and having no causal connection with the plaintiff's injury or natural claim, it would seem to be highly important that the defendant, if asked to respond in such damages, should be adequately notified thereof in the pleadings.

Our attention has been called to the fact that in the reports of a number of cases in this jurisdiction punitive

damages have been allowed, although the reports do not show that they were claimed in the declaration. We, therefore, have had recourse to the records in these cases, and find that in none of them was the sufficiency of the pleading challenged, and that in each of them, either aggravating circumstances such as to justify a finding of malice, wantonness, wilfulness, maliciousness, etc., were pleaded, or the act complained of was directly charged to be of that character. *Newman* v. *Robson et al.*, 86 W. Va. 681, 104 S. E. 127; *Pendleton* v. *N. & W. Ry. Co.*, 82 W. Va. 270, 95 S. E 941, 16 A. L. R. 761; *Hess* v. *Marinari*, 81 W. Va. 500, 94 S. E. 968; *Fink* v. *Thomas*, 66 W. Va. 487, 66 S. E. 650; 19 Ann. Cas. 571; *Stevens* v. *Friedman*, 58 W. Va. 78, 51 S. E. 132; *Mayer* v. *Frobe*, 40 W. Va. 246, 22 S. E. 58.

We are, therefore, clearly of the opinion that the declaration in this case cannot sustain the verdict for punitive damages. A corollary to this conclusion is that the instructions given over defendant's objection telling the jury that punitive damages were recoverable were erroneous, and that those of the defendant telling the jury that no punitive damages could be allowed were improperly refused.

It is also assigned as error that the plaintiff's instructions Nos. 6 and 9, given over objection of the defendant, are bad by reason of the fact that they permit the jury to be the sole judge of whether the plaintiff had committed an offense justifying his arrest and whether more force than necessary was used in taking him into custody, and do not include the principle that the defendant, as a peace officer, is entitled to the rebuttable presumption of good faith, both as to the necessity for arrest of the plaintiff and the amount of force necessary therefor, being liable only for the abuse of reasonable discretion in relation thereto. These objections seem to be well taken. *Thompson* v. *N. & W. Ry. Co.*, 116 W. Va. 705, 182 S. E. 880; *Barboursville* v. *Taylor*, 115 W. Va. 4, 174 S. E. 485. But these defects in these instructions were not assigned as grounds of objection when the instructions were offered, and therefore cannot be the basis of reversible error. *Horch-*

*ler* v. *Van Zandt,* 120 W. Va. 452, 199 S. E. 65; *Saunders* v. *McCown,* 120 W. Va. 294, 198 S. E. 520; *Hale* v. *McGinley,* 119 W. Va. 565, 195 S. E. 201.

Refusal of instructions Nos. 5 and 6 requested by the defendant is assigned as error. These instructions would have told the jury that the calling out by the plaintiff to and about the State Police "The Boy Scouts are in town again" justified plaintiff's arrest, and that the defendant "had the right to use as much force as was necessary to effectuate the arrest." Under the circumstances of this case, the question whether calling the State Police, "Boy Scouts," was a breach of the peace at common law, or a molesting of, or interference with, them in the performance of their duty within the meaning of Code, 15-2-15, was for jury determination under proper instructions of the court. Included in said instruction No. 6 was also the statement that "the extent to which force was exerted by the said officer, Walter Bruce Snodgrass, to overcome successfully the attempt to resist the arrest was for the said officer to decide." The officer was not the absolute and final judge of this question.

Accordingly, we are of opinion that the record does not disclose any error which would have justified the setting aside of the verdict on behalf of the plaintiff for compensatory damages in the amount of $150.00; and on the other hand, that no basis was laid by the pleadings for the recovery of punitive damages.

The judgment complained of, therefore, will be reversed, and the case remanded to the Circuit Court of Ohio County with direction that the plaintiff be permitted to enter in the case a *remittitur* of the sum of $550.00 awarded for punitive damages, in which case the motion for a new trial shall be overruled; but that if such *remittitur* be not entered, the entire verdict shall be set aside and a new trial awarded to the defendant. *O'Dell* v. *Criss & Shaver, Inc.,* 123 W. Va. 290, 14 S. E. 2d 767. The plaintiff in error shall recover his costs in this Court.

*Reversed with directions.*