No. 12-0389 – JWCF, LP, (formerly known as Baker Installations, Inc.), a foreign corporation conducting business in West Virginia v. Steven Farruggia

**FILED**

**December 27, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, Chief Justice, concurring, in part, and dissenting, in part:

I dissent to the majority's finding that the circuit court did not abuse its discretion in providing a punitive damages instruction to the jury. Clearly, the evidence below did not support such an instruction.

In this case, the petitioner alleged workers' compensation discrimination. In order to prevail on this claim, the respondent had to prove that he sustained an on-the-job injury; he instituted proceedings under the Workers' Compensation Act; and the filing of a workers' compensation claim was a significant factor in the petitioner's decision to discharge him. In order to prove the third element, the respondent presented the following evidence as summarized by the circuit court:

> The jury in this case heard uncontested evidence in the form of a party admission by the defendant's manager that the defendant unlawfully terminated the plaintiff because he took a workers' compensation settlement. The jury inspected emails from the defendant's benefits manager that were admitted into evidence, and which expressed displeasure with the plaintiff's workers' compensation settlement, including, "I am upset that Brickstreet has made a settlement offer to Steven Farruggia. . . ." and "please see if you can get him in the office to sign the settlement papers before we review the lack of light duty available at his regular meeting on Friday." (Exhibit number reference omitted). This evidence was uncontested. The Defendant's human resource employee,

1

Cinnomin Yohe, the author of these emails, did not testify at trial.

The problem is that the circuit court cited the above evidence in support of its denial of the petitioner's motion for a new trial on the punitive damages issue. In other words, according to the circuit court, this evidence justified the giving of a punitive damages instruction. This is contrary to the settled jurisprudence of this Court.

In syllabus point 12 of *Marsch v. American Elec. Power Co.*, 207 W. Va. 174, 530 S.E.2d 173 (1999), this Court held:

> "'Punitive or exemplary damages are such as, in a proper case, a jury may allow against the defendant by way of punishment for willfulness, wantonness, malice, or other like aggravation of his wrong to the plaintiff, over and above full compensation for all injuries directly or indirectly resulting from such wrong.' Syllabus Point 1, *O'Brien v. Snodgrass*, 123 W. Va. 483, 16 S.E.2d 621 (1941)." Syl. Pt. 4, *Harless v. First Nat'l Bank*, 169 W. Va. 673, 289 S.E.2d 692 (1982).

The evidence cited by the circuit court above is nothing more than the evidence that proved the respondent's claim for workers' compensation discrimination. Under our holding in *Marsh*, however, punitive damages are to punish the employer for "conduct over and above full compensation for all injuries directly or indirectly resulting from such wrong." The respondent presented absolutely no evidence of such conduct. As a result, the respondent was awarded compensatory and punitive damages for the exact same conduct of the petitioner. Such double compensation clearly is contrary to our law.

Accordingly, for the reasons stated above, I dissent to the majority's finding that the circuit court did not abuse its discretion in providing a punitive damages instruction to the jury. I concur to all other portions of the majority opinion.