Pearson, J.
 

 His Honor instructed the Jury, that nothing but the act of God, or the public enemies of the eoun-
 
 *216
 
 try,- would excuse the delay of the defendants. To this the defendants excepted.- There is error.
 

 Lord Holt deserved well of his country when he relieved5 the doctrine of bailment from the burthen of learning under which it was suffering, and reduced it to three plain propositions :
 

 • 1st. A bailment for the benefit of the bailor alone, where ■ the bailee is only liable for gross
 
 neglect; e. g.
 
 where one • requests another to carry a package for him as a favor.
 

 2d. A bailment for the benefit of the bailee alone, where-the bailee is liable for slight neglect;
 
 e. g.-
 
 where one bor--rows an article.
 

 3d. A bailment-for the benefit of both parties-, in which-case the bailee is liable for ordinary neglect;
 
 e.- g.
 
 where one undertakes to convey goods for hire.
 

 • Our case falls within the third divisen, The bailment was ’for the benefit of botli parties: one was to have his goods carried; the other was to have his pay for freight; and unless there be something to take it out of the rules, the defendant is liable for ordinary neglect.
 

 It is said that the defendants are common carriers, andS in regard to them, the law makes an exception, and holds them ■ liable as insurers, except against the act of God, and the King’s enemies. This is so: and the question is, does then-liability as insurers extend to the
 
 time
 
 of dfelivery ? or is it confined to the
 
 safe delivery
 
 of the goods ? The case before the Court, when Lord Holt delivered'his famous opin--ion,- concerned the
 
 safe delivery
 
 of goods, and nothing was said in regard to the
 
 time
 
 of delivery: so that our question was left open. The reason for making an exception in regard to the safe delivery of goods, in the case of a common carrier, is, that it was a matter of public policy, in order to guard against fraud and conspiracy, by which, through “ co-vin and collusion,” the carrier might “ contrive to be robbed and divide the spoils.” It is evident that the reason for
 
 *217
 
 bolding the common carrier liable for the
 
 safe delivery
 
 of goods, has no relevancy or bearing upon the question- of his liability as to the
 
 time
 
 of delivery: so-there is no rule of policy making an exception in regard to the time of delivery. That falls under the general rule-by which, when; both parties are benefittedj the bailee is- liable for ordinary neglect. Parsons v. Hardy, 14 Wend. 216. So it is held,, that the rule of public policy by which a common carrier is made liable as an insurer, for the safe delivery of goods,does not extend to the case of conveying persons by land or' water :for, in regard to them, there is no reason to fear “ covin- or collusion.” So the reason of tlio rule fails, as it does in regard to- the time of delivery.
 

 In the argument, our attention! was called' to the case of Harrell v. Owens, 1 Dev. and Bat. 273. We fully concur with the decision in that case but the learned Judge, who delivered the opinion of the Court, went out of his wayr and, for the sake of illustration, assumed that the rule that common carriers are insurers extended to the time of the-delivery. The case before the Court was one of gross neglect : the defendant excuses himself by saying, he did not know the place at which he was to- deliver the articles; yet the written agreement, signed by him, named “ Mount Pleasant Fishery” as the place of delivery. Of course, it was for him to find out where Mount Pleasant Fishery was-located, inasmuch as he had undertaken to deliver the goods at that place.
 

 Our opinion is, that, if'there is a special contract, it must be complied with - as, if one undertakes, for certain pay, to pass goods from place to place in 24 hours.- But if there be no special contract, then the matter rests upon the general rule of law, where the bailment is for the benefit of both-parties, and the bailee is liable for ordinary neglect. How this-was according to the evidence, we are not at liberty to say-
 

 Venire de
 
 novo. Judgment reversed-