BRADLEY, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*September 5 — September 22, 1896.*

*Contracts: Breach: Consequential damages: Carriers: Delay in delivery: Special damages: Notice.*

1. Actionable damages for breach of contract are limited to such as may be reasonably considered to have been in contemplation by the parties, at the time of the making of such contract, as the probable result of a breach of it.

2. Notice to a carrier, after goods have been shipped, of circumstances which render special damages a probable result of a delay in their delivery, does not operate to modify the original contract so as to render the carrier liable for such damages, even in the event of a subsequent unreasonable delay.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Plaintiff, on the 4th day of June, 1892, delivered some boxes of goods, said to contain glass, to the defendant at Columbus, Wisconsin, to be shipped over its line of railway to Deerfield, Wisconsin. No information was given to defendant's agent or otherwise that such boxes contained property other than glass, or of any special use for which

such goods were intended.   Plaintiff was a traveling pho-
tographer, and the boxes contained implements and mate-
rials for use in his business.   He intended to engage in such
business at Deerfield immediately on the arrival of his goods
at that point, and, anticipating such arrival, he went to
Deerfield on the day the goods were delivered to defend-
ant for shipment, and arranged for pursuing his calling
upon their arrival.   After waiting a sufficient length of
time for the arrival of the goods at their destination if
shipped direct and in the regular course of business, and
failing to receive the same, plaintiff informed defendant's
agent at Columbus of the character of such goods, and his
purpose in shipping the same to Deerfield.   Five days there-
after was a sufficient length of time for defendant, with the
exercise of reasonable diligence, to have delivered the goods
at Deerfield.   Delivery was not made till ten days after
the expiration of such period.   The jury found specially the
facts as above stated, except as they appeared uncontro-
verted upon the evidence, and that plaintiff sustained special
damages to the amount of seventy-five cents freight charges
for shipping and reshipping goods from Milwaukee, $6.50
for rent of a room and board while plaintiff was unreason-
ably delayed by failure to deliver the goods, and $80 for
loss of profits in his business during such time.   Defendant
moved the court on the special verdict for judgment, which
motion was denied, and defendant excepted.   Plaintiff's at-
torneys moved the court for judgment in his favor for the
damages found by the jury and costs, which motion was
granted, and the defendant appealed.

For the appellant there was a brief by *Barbers & Bey-
linger*, and oral argument by *Charles Barber*.

*Wesley Mott*, for the respondent.

MARSHALL, J.   The amount involved in this action, ex-
clusive of costs, being less than $100, as shown by the judg-

ment, only such questions of law can be considered as are certified to this court for that purpose by the trial court. Such questions are three in number, and in substance as follows:

(1) The fact being that the defendant did not, at the time of the shipment of plaintiff's goods, know of the purpose, character, and quality of such goods, is it liable in this action?

(2) Some time after the goods were shipped, and while they were in transit, plaintiff having notified the defendant's agent at Columbus, Wisconsin, of the character and quality of such goods, and the necessity of plaintiff to have such goods at Deerfield, Wisconsin, did such notice operate to modify the original contract between plaintiff and defendant, or impose any liability upon the railway company for damages in the event of the goods not being delivered within a reasonable time after such notice?

(3) The jury having found that defendant was not informed, at the time the goods were shipped, of their character and intended use, but was so informed some time thereafter, and that there was an unreasonable delay in the delivery thereof after such notice, during which time plaintiff sustained loss of profits in his business, as found by the jury, on account of such delay, is the plaintiff entitled to recover of the defendant the amount of such loss?

It is only necessary to apply a familiar principle of law in order to answer these questions. No principle of law is more firmly established than that actionable damages for breach of contract are limited to such as may be reasonably considered to have been in contemplation by the parties, *at the time of the making of such contract, as the probable result of the breach of it. Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214. Such principle rules this case, unless there is some exception thereto which will fit the special circumstances found by the jury and expressed in the ques-

tions submitted. That was obviously the view the learned circuit judge took of the matter; hence the necessity for the second question,— i. e. Did notice to the appellant of the circumstances which rendered the damages found by the jury a probable result of the late delivery operate to modify the original contract between the parties, so as to make the appellant liable for such damages? Counsel for respondent failed to bring to our attention any authority to sustain such exception to the general rule, and, indeed, we are satisfied that none can be found, and that the exigency of this particular case is not sufficiently serious and pressing to warrant us in disturbing the settled law regarding the subject, as counsel suggests that we should do. In *Missouri, K. & T. R. Co. v. Belcher* (Tex. Sup.), 35 S. W. Rep. 6, cited by appellant's counsel, the same question was considered, and it was there held, in effect, that notice to the carrier, after the date of the contract, that special damages will arise from delay in the shipment, in time for him to prevent such delay, does not render such carrier liable for such damages.

It follows from the foregoing that we answer each of the questions certified in the negative.

*By the Court.*— The questions certified by the trial court are answered in the negative, the judgment reversed, and the cause remanded with direction to render judgment in favor of the defendant.