### Ryan Car Company, Appellee, v. James T. Gardner, Appellant.

#### Gen. No. 15,021.

1. EVIDENCE—*when time books competent.* *Held,* that time books received in evidence in this case were competent, such time books having been compiled from cards containing the original record of labor expended.

2. DAMAGES—*when profits not recoverable.* The loss of a sale and consequent loss of profits are not competent to be shown in connection with a breach of contract which it does not appear was made by the parties in contemplation of such a sale.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed March 31, 1910. Rehearing denied May 16, 1910. *Certiorari* denied by Supreme Court (making opinion final).

COLSON & JOHNSON, for appellant; O. N. DYNES, of counsel.

HOYNE, O'CONNOR, HOYNE & IRWIN, for appellee; MACLAY HOYNE and CARL J. APPELL, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $6,000 recovered against him by plaintiff in an action of *assumpsit*. Plaintiff performed labor and furnished materials in repairing for defendant three locomotive engines. As to one, known as the Block-Pollak engine, there was no agreement as to compensation. As to the other two, known as Nos. 531 and 366, there was an agreement that plaintiff should be paid sixty-five cents per hour for skilled labor, thirty-five cents per hour for common labor, and cost and fifteen per cent additional for materials furnished. Plaintiff contended and defendant denied that it was a part of said agreement that by skilled labor was to be understood all workmen using tools, and by common labor, all laborers who worked without tools. From the evidence we think the jury might properly find that the agreement of the parties was as contended by the plaintiff.

The declaration contained the common counts. Plaintiff was ruled to file and filed a bill of particulars, and then, by leave of court, filed an amended bill of particulars, in which it was stated that there was due plaintiff for labor and materials in repairing engines Nos. 531 and 366 $8,127.04, for labor and materials in repairing the Block-Pollak engine $134.63, and for labor in moving said engine $34. The jury returned a verdict for the plaintiff for $6,805.91, plaintiff remitted $805.91, had judgment for $6,000, and the defendant appealed.

The Block-Pollak engine came to plaintiff's shop in March, 1907. Little or no evidence appears to have been offered by plaintiff in support of its claim for $134.63 for labor and material on that engine. Engines Nos. 531 and 366 came to plaintiff's shop in May, 1907, and plaintiff claims to have worked in repairing the same in each month from that time up to and including the first half of November, 1907.

The trial court admitted in evidence, as tending to prove plaintiff's claim for labor performed on said

engines, plaintiff's time books from May 1 to November 15, 1907, and the principal contention of appellant is that the court erred in admitting said time books.

The evidence shows the following mode of keeping account of the time spent in work on said engines. On coming into the shop engine 366 was given shop order No. 140, and 531 shop order No. 141. Each workman at the end of each day made out a time card or slip, stating the number of the order on which he had worked and the number of hours he had worked that day, signed the same and turned the slip in to his foreman. The following morning the foreman examined the cards and those that he found correct he signed after the printed word "correct". If he thought a card was not correct, he took it to the workman who had signed it, and changed it if necessary to make it correct, and then signed it as he did the cards found correct when turned in. The cards were then taken to the time keeper. The time that each workman came to the shop and the time he left were entered in a book kept by the gate keeper, and the time keeper, before entering the time slip in the time book, checked the time slips with the gate book to see that the time stated by each workman in his time slip corresponded with the time of his attendance at the shop. If there was no reason to question the correctness of a card, the time keeper then entered in the time book the contents of the card. If there was reason to question the correctness of a card, the time keeper went to the workman and, if a mistake was found, corrected the card and entered its contents in the time book. The time book stated the time that each workman worked each day and the shop order on which he worked, and the workmen were paid for their time as stated in the time book. Davis was foreman of plaintiff's shop from the time the engines were brought there until September 5, 1907, but at the time of the trial was employed by defendant. He testified that it was his duty

to pass on the time slips; that he could not say that some of the time slips he approved were absolutely correct, because he was not standing over the men all day; that he thought they were correct; that was his best knowledge at the time. Harder became foreman September 5 and was foreman until October 20. He testified that he could tell within a quarter or half an hour each morning how much time each workman worked on a particular order the day before; that he sometimes corrected a time slip, but always went to the workman, and if he agreed "with me I would correct the slip; otherwise it would not be made". Jensen was foreman from October 21 to November 9, and his testimony was substantially the same as Harder's. Colson was foreman of the blacksmith shop in October and November, and his testimony was in substance the same as Harder's. Collins was time keeper for the plaintiff during all of 1907. Weber made entries in the time books during May and part of June. He died before the trial. Collins kept the time book during the remainder of June and the first half of July; Stevenson during the remainder of July, August and September, and Alward during October and November. Collins, Stevenson and Alward each testified that he checked the cards with the gate book; that if corrections were made they were made after calling on the workman whose card was in question and ascertaining the facts, and that the cards were correctly entered in the time book. It appears from the evidence that it was not the custom to permanently keep the time slips, but after the dispute between the parties arose all the cards that could then be found were preserved. A large number of the cards in question were put in evidence, but two hundred or more were not produced at the trial. There is no evidence tending to show any mutilation or alteration of any time book. The evidence tends to show that all the alterations made in the time cards were honestly made for the sole purpose of correcting errors in the cards as

turned in to the foreman, and that such corrections were made with the knowledge and consent of the workman whose card was altered, and that the cards as finally corrected were correctly copied into the time books in the due and usual course of the business of the plaintiff.

We think that the time books were properly admitted in evidence.  Chisholm v. Beaman Machine Co., 160 Ill. 101.

The court did not err in permitting the witness Orme to testify as to the number of hours of labor the time books showed the plaintiff had performed on the engines of defendant.

The court did not err in refusing to permit defendant to show that he lost a sale of one of the engines because of plaintiff's delay in making repairs thereon, because it was not shown that when the contract for the repair of said engines was made plaintiff was informed that such sale was contemplated by the defendant.  Hadley v. Baxendale, 8 Exch. 341; Bradley v. C. M. & St. P. R. R. Co., 94 Wis. 44.

The evidence does not show that it was agreed by the parties in September that plaintiff should not, after that time, do any work on said engines, and the contention of appellant that plaintiff could not recover for work done after that time cannot be sustained.

We find no error in the rulings of the court on instructions.

The evidence is, we think, sufficient to warrant and support the judgment.

Finding no reversible error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*