# CHARLESTON.

DELANEY *v.* U. S. EXPRESS COMPANY.

Submitted June 9, 1910.    Decided March 12, 1912.

1. CARRIERS—*Carriage of Goods—Connecting Carriers.*

   Where one carrier receives goods for transportation part of the way to destination, and delivers the goods at the end of its carriage to another carrier for carriage to destination, the contract is several and there may be a suit only against the carrier that is liable for delay of transportation.  (p. 503).

2. SAME—*Carriage of Goods—Delay—Action—Damages.*

   Where a written complaint is filed in an action before a justice against a carrier for delay of transportation of goods, in order to recovery, not of general, but special damages resulting from such delay, there must be in the complaint some specification of the grounds for special damages; and there must also be notice to the carrier, at the time of shipment, of circumstances calling for speed of transportation.  (p. 504).

3. SAME—*Carriage of Goods—Delay—Care Required.*

   The rule that a carrier is an insurer of safe delivery of goods committed to it for transportation does not apply to liability for delay of transportation. In such case the carrier is not bound to the highest possible or utmost care for rapid transportation, but only for reasonable and ordinary care and diligence to avoid delay.  (p. 506).

4. SAME—*Carriage of Goods—Limitation of Liability—Delay.*

   A bill of lading for goods shipped given by a carrier fixing their value, and providing that the carrier shall in no event be liable beyond that value, relates to loss of the goods, and does not preclude recovery for delay of transportation or fix amount of damages for delay.  (p. 506).

Error to Circuit Court, Barbour County.

Action by A. L. Delaney against the United States Express Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Fred O. Blue* and *Arthur D. Dayton,* for plaintiff in error.

*Wilcox & Musgrave,* for defendant in error.

BRANNON, PRESIDENT:

A. L. Delaney brought action before a justice against the United States Express Company and Adams Express Company, and the case went on appeal to the circuit court. In that court. the plaintiff entered a non suit as to the Adams Express Company, and recovered a verdict and judgment against the United States Express Company, which company appeals to this Court.

We do not understand that it is meant by defence counsel that it was error to allow a non suit or dismissal as to the Adams Express Company. If we regard the cause of action as for a tort, Delaney could sue both companies or either, and could dismiss as to either. But we regard the action as *ex contractu,* not a joint contract by two companies, but several, and there could be dismissal as to one. The Adams Company undertook carriage only from Elkins to Belington, the United States Company from Belington to Salem—separate contracts. What is meant by counsel in first assignment of error is that the United States Company is not liable, but the Adams Company, and that the non suit released the company really liable. This is immaterial, because the question at last is, Is the United States Express Company liable? This first assignment of error is the refusal of a new trial. It is claimed that it was never shown that the drill for boring wells came to the hands of the United States Express Company. The drill was delivered at Elkins to the Adams Company, which had its terminus of carriage at Belington, it being the initial carrier, and the carriage was to be continued from Belington to Salem by the United States Company, the final carrier. Express freight put in the car at Elkins by the Adams Company for carriage beyond Belington would not be taken out at Belington, but would remain in the car, and the car go on to Grafton. When the drill reached Belington, the way bill made by the Adams Company upon the

delivery to it at Elkins was handed over by the Adams Company to the United States Company, and the United States Company receipted to the Adams Company for the drill as delivered to it for carriage on.

The car remained at Belington only five minutes, and the expressage was not rebilled at once, but it was assumed that it was on the car, and receipted for by the United States Company as delivered to it on the faith of the way bills made on shipment from Elkins. The article was not rebilled on sight or touch of the article. In fact by mistake the drill was put off the car at Belington, and lay there ten days or more before it was learned by Delaney where it was, or by the United States Company. It was hidden under a pile of brick placed over it by tearing down a house. The United States Company says the drill never came to it. But it receipted for it. It was its duty to see the drill before receipting for it; its duty to find it, if lost. If not found at Grafton or Salem, its duty was to look it up, not the shipper's duty. A claim is made that the drill was billed only to Belington, not to destination beyond; but under the verdict, based on evidence, we must say that it was way-billed to Belington with destination plainly apparent on it of destination to Salem. Thus, whatever liability exists rests on the United States Company.

But what is the liability? It is claimed that the verdict is excessive and not warranted by law. Under the showing made on the trial only the rental, so to call it, of the drill for the time of delay, excluding a fair time for transportation to and fro and work of repair. What was its use worth? Its value could not come in. It was not lost; yet evidence of its full value was admitted, and it is apparent was allowed in the verdict. On no other hypothesis can the sum of the verdict be accounted for. The plaintiff gave evidence of, and was allowed for pay of idle hands during the whole period of delay, and for profits that might have been realized during the delay. This allowance was contrary to law, and evidence of it improperly admitted, for two reasons. First, there is no specification of facts calling for such special damages. Such damages are not general, but special under particular circumstances. Hutchinson on Carriers, sec. 1367 says: "But where the damages, though the natural con-

sequences of the act complained of, are not the necessary result of it, they are termed special damages, which the law does not imply; and, therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." The fact that the suit is before a justice, does not dispense with this essential requisite. There must be a specification in some way. "Special damages, whether resulting from tort or breach of contract, must be particularly averred, in order that the defendant may be notified of the charge, and come prepared to meet it." *Roberts* v. *Graham,* 6 Wall 578. There was a complaint filed; but whilst it and the bill of particulars, in most general terms, claim damages for delay of transportation, they make no pretense of specifying pay of employees or loss of prifits during the delay. There was thus no basis for such evidence.

A second reason why evidence of, and allowances of such pay of hands, were improper, is that when Delaney shipped the drill he did not give the notice required by law to the express company of reasons calling for speedy transportation. He did not specify to the carrier that he had idle employees and a contract for profit requiring the drill in its execution. In his own testimony he says he told the company that he "wanted the drill right back." This was no specification of special circumstances. It was only a general remark which any one on any shipment might make. That would not suggest idle wrokman or estimated profits. Hutchinson on Carriers, sec. 1367, says: "It may be stated therefore, as the well settled rule, that special damages can be recovered from the carrier when the transportation has been delayed, only where it has been shown that the shipper informed the carrier, at the time the contract was made, of the special circumstances requiring expedition in the shipment." See also sec. 1369.

8 Cyc. 450 says: "The carrier will not be liable for the profits lost by reason of failure to perform a special contract, or on account of other special circumstances not apparent from the transaction itself, unless he has notice of the facts which caused the loss, and this notice should be given when the goods are

delivered for transportation." "The fact that the carrier was notified of the special circumstances demanding greater diligence is thus seen to be a crucial one, and that the carrier was so informed must be both alleged and proved."

Hutchinson on Carriers, sec. 1367. We cannot say that the carrier contemplated, without such notice, such losses. The law says, that without such notice, there is no right to recover damages not reasonably contemplated. "Only such losses can be recovered as were reasonably contemplated by both parties at the time the contract for carriage was made as likely to arise from a breach, and not losses arising out of circumstances then wholly unknown to the carrier. Damages will be given only for the reasonable and proximate, and not for the remote, consequences of the breach of duty."

The verdict was $137.50. Delaney's evidence would make only $125.00, that is $50.00, the full value of the drill, its worth new, though it had been worn three years, and $75.00 for pay of hands, and there must have been some allowance for profit. Anyhow, all this evidence of full value of the drill and pay of hands and profits went in, and was considered by the jury, and was inadmissible, and the verdict rendered against principles of law.

Instructions 1 and 3 say that the carrier must use *utmost* care and diligence in delivery. The law is, as to the time of transportation that only ordinary, reasonable care and diligence is required. 6 Cyc. 442. "The rule that carriers are insurers for safe delivery, does not extend to time of delivery." *Bonar* v. *Merchants Co.,* 46 N. C. 211; *Johnson* v. *East Tenn. Co.,* 17 S. E. 121; *San Antonio Co.* v. *Turner,* 94 S. W. 214; *Missouri Co.* v. *Kyser,* 95 S. W. 747.

Instruction 2 allows "all damages naturally or approximately relating to such delay." To say nothing of indefiniteness, this would allow recovery contrary to principles above stated on improper evidence.

The bill of lading says that the shipper agreed that the value of the drill was fifty dollars, and that the liability of company should not, "in any event" exceed that sum. On this account the claim is that the verdict could not be more. We do not think this is involved in this case. It relates to loss of the article

shipped, not delay. The drill was not lost. We do not think this stipulation would bear on damage for delay of transportation.

Judgment reversed, verdict set aside, and new trial granted according to principles above stated.

*Reversed and Remanded.*