CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY

*v.* KING.

Opinion delivered June 24, 1912.

1. DAMAGES—BREACH OF CONTRACT.—As a general rule, where there are special circumstances existing by reason of which special or peculiar damages may be incurred on account of the breach of the contract, it is necessary that notice or information of these special circumstances must be given to the other party at or before the time of making the contract before he can be charged with liability for such special damages. (Page 219.)

2. CARRIERS—LIABILITY FOR SPECIAL DAMAGES—NOTICE.—Notice to a carrier, after it has accepted goods for transportation, of circumstances rendering prompt transportation necessary is ordinarily not sufficient to fasten upon the carrier a liability for special damages for delay in shipment. (Page 219.)

3. SAME—CARRIAGE OF FREIGHT—LIABILITY.—A carrier's contract to carry and deliver freight imposes on it the obligation to transport the freight safely and promptly to destination, and thereafter to deliver it to consignee. (Page 220.)

4. SAME—SPECIAL DAMAGES.—Notice to a carrier of special damages to result from nondelivery of freight was sufficient to charge the carrier with liability where it was given after the goods had reached their destination, as the carrier could protect itself by making delivery. (Page 221.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Thos. S. Buzbee* and *John T. Hicks,* for appellant.

1. In order to charge a common carrier with special damages for delay in transportation of freight, notice of the circumstances   *   *   *   must be given prior to or at the time of the making of the contract of shipment. 74 Ark. 360; 71 *Id.* 571; 90 *Id.* 452; 88 *Id.* 77.

2. In the absence of such notice, the proper measure of damages is the difference between the value of the goods at the time they should have been delivered and their value at the time of actual delivery. 72 Ark. 275; 73 *Id.* 112.

*Chas. A. Walls,* for appellee.

1. It was appellant's duty to deliver freight within a reasonable time. A failure to do so was a violation of public duty. Due notice was given. 41 Ark. 476; 44 *Id.* 438; 7 Am. Rep. 405; Cooley on Torts, 640; Addison on Torts, 464; 64 N. Y. 254; 62 Am. Dec. 409; 75 Ga. 745.

2. The measure of damages should be the natural and proximate results of the carrier's negligence. 119 N. C. 693; 115 S. W. 635; 82 Ga. 468; 86 *Id.* 686; Hammon on Contracts, par. 472; 46 So. 765.

3. Plaintiff may recover in damages for the injury sustained, or the value of the goods. 38 Ky. 496; 12 Kern. (N. Y.) 509; Hutchinson on Car., 775; 50 Md. 390.

4. The demurrer was waived, and the complaint con-

sidered amended to conform to the evidence. 24 Ark. 326; 98 Ark. 553; 31 *Id.* 155; 62 *Id.* 262; 65 *Id.* 422; 67 *Id.* 426; 69 *Id.* 256.

FRAUENTHAL, J. This is an action instituted by W. S. King for the recovery of damages alleged to have arisen out of a delay in the transportation and delivery of a shipment of lavatories from Trenton, N. J. to Hot Springs, Arkansas. The defendant interposed a general demurrer to the complaint, which was overruled, and it thereupon filed an answer in which it denied the material allegations thereof. The case was then submitted to the court for trial and determination. It made a detailed statement of its findings of fact, and rendered judgment for plaintiff for damages in the sum of $206. The damages claimed by the plaintiff were mainly special or consequential damages, growing out of special or peculiar circumstances in his use of and need for the lavatories.

It is urged by counsel for defendant that the complaint does not allege facts sufficient as a basis for special damages. Defendant, however, did not rest upon its demurrer to the complaint, but made answer thereto. If, therefore, the facts proved upon the trial of the case are sufficient as a basis for the plaintiff's claim for special damages, then it will be held that the complaint was considered amended to conform to the facts as proved, thus making its allegations sufficient.

It is conceded that the findings of fact made by the court are well sustained by the evidence adduced upon the trial of the case. From these it appears that the plaintiff was engaged at Hot Springs in performing a contract under the terms of which he was required to install certain kind of lavatories, and was liable for liquidated damages for failure to complete his contract within a specified time. These lavatories could only be obtained in Trenton, N. J., and prior to October 10, 1910, he made an order for them, and directed their immediate shipment. The goods were promptly shipped on October 10, and were transported with reasonable dispatch, amongst others, over the defendant's line of railroad as the final carrier to Hot Springs, where they arrived on October 19, 1910. About that time the plaintiff inquired for these goods of the defendant's agent at its depot in Hot Springs, and was informed that they had not arrived. On October 22, 1910, he received from the

defendant at its depot in Hot Springs other goods consigned to him at the same time that the shipment of the lavatories was made, and he again made inquiry of said agent for said lavatories. On that day he notified the defendant's agent at Hot Springs of the peculiar circumstances which would cause him special damages by reason of the delay in delivering the lavatories. These consisted in the fact that the lavatories could not be obtained from any other place; that he was by the contract under obligation to complete the installation of them by a specified time, and that he was compelled on that account to retain a force of skilled workmen awaiting the delivery of the lavatories. At the time of giving such notice, he also told the agent that he would hold the defendant liable for all damages he might sustain by its failure or delay to deliver these goods.

Thereafter, from day to day the plaintiff made inquiry of the defendant's agent for these lavatories, and asked for their delivery. Finally, in the latter part of October, he requested defendant's agent to permit him to search through the depot for these goods, and he was told by the agent "to go to hell; that he was running that part of it."

On November 29, 1910, plaintiff received notice that the the goods were in the depot, and would be delivered to him, and such delivery was then made.

The court further found that the defendant's depot agent at Hot Springs received the goods upon their arrival at that place on October 19, 1910, and from that time until the actual delivery was made to plaintiff on November 29, these goods were in the actual possession of the defendant at Hot Springs and under its control. During that time the plaintiff incurred said damages in the amount of $206 by reason of the failure to receive and obtain said goods.

The defendant does not contend that the plaintiff did not incur and pay these special damages, or that they did not arise from the special circumstances requiring a prompt delivery of the goods; nor does it contend that the delay in making the delivery was not due to the negligence of its agent after the arrival of the goods at Hot Springs on October 19, 1910. The sole contention made by counsel for the defendant why the plaintiff is not entitled to recover the amount of the

damages adjudged against it is that they are special damages, and that notice of the circumstances out of which such damages might or did arise was not given to the appellant prior to or at the time of making the contract of shipment.

The general rule for the allowance and measurement of damages growing out of the breach of a contract is that they must be such as the parties may fairly be supposed to have contemplated when they made the contract. If there are special circumstances existing by reason of which special or peculiar damages may be incurred on account of the breach of the contract, it is necessary that notice or information of these special circumstances must be given to the other party at or before the time of making the contract before he can be charged with liability for such special damages. This rule was laid down in the leading case of *Hadley* v. *Baxendale,* 9 Exch. 341, on this subject, and has been uniformly approved and applied in numerous decisions rendered by this court, as well as by virtually every court of last resort in the United States. *Howard* v. *Stillwell & B. Mfg. Co.,* 139 U. S. 199; *Primrose* v. *W. U. Tel. Co.,* 154 U. S. 29; *Globe Refining Co.* v. *Landa Cotton Oil Co.,* 190 U. S. 540.

This rule has been applied to a claim against a common carrier for a failure to seasonably transport goods carried by it. It has been held that information of the special circumstances requiring expedition in the transportation of the shipment must be communicated by the shipper to the carrier at or before the time the contract is made, before special damages can be recovered for a delay in such transportation. A notice, given after the carrier has accepted the goods for transportation, of the circumstances rendering prompt transportation necessary is not sufficient to fasten upon the carrier a liability for special damages growing out of such circumstances on account of delay occurring during transportation. *St. Louis, I. M. & S. Ry. Co.* v. *Phelps,* 46 Ark. 485; *St. Louis, I. M. & S. Ry. Co.* v. *Mudford,* 48 Ark. 502; *Choctaw & M. Rd. Co.* v. *Walker,* 71 Ark. 571; *Crutcher* v. *Choctaw, O. & G. Rd. Co.,* 74 Ark. 258; *Vicksburg & M. Rd. Co.* v. *Ragsdale,* 46 Miss. 458; 3 Hutchinson on Carriers, § 1367; 4 Elliott on Railroads, § 1731.

The usual reasons stated for the adoption of the rule that such notice should be given at the time the contract is

entered into is that the person to whom the notice is given may have an opportunity of demanding additional compensation if he so desires, or of refusing to make the contract, or to protect himself by special precautions to avoid loss in event he does make the contract. In the case of a common carrier, under the law as it now is, this rule can not rest upon the ground either that the carrier might have the opportunity to demand a greater rate for the transportation or to refuse to enter into the contract for the shipment, because the carrier is not now at liberty under the law to require the one or to refuse the other; and yet, under the law, the carrier is liable for special damages for a breach of its contract to transport the goods within a reasonable time if notice of the special circumstances is given to it at or before the time the shipment is made. *Chicago, R. I. & P. Ry. Co.* v. *Planters G. & O. Co.*, 88 Ark. 77.

The reason for the rule in the case of a common carrier rests upon the ground that it may have an opportunity by special precaution to protect itself from loss. The necessity for and justice of this rule is apparent when the delay occurs during the period of transportation. But, after the goods have arrived without delay at the place of destination and are in the custody and control of the carrier at that place for delivery to the shipper or consignee, then the reason of the above rule would cease, if notice of the special circumstances is given to the carrier after the arrival of the goods at the place of destination, and thereafter it wrongfully delays making the delivery. The contract made by the carrier for the transportation and delivery of goods is two-fold: the obligation rests upon the carrier to transport the goods safely and promptly to the point of destination, and also thereafter to deliver the same to the consignee. If it fails to carry the goods safely or promptly, there is a breach of the contract; but there is also a breach of the contract from which damages may arise if it fails for an unreasonable time to deliver the goods after the actual transportation to the point of destination is completed. The special damages are not a part of the contract, but are simply an element of damages to which the injured party is entitled for its breach. After the arrival of the goods at the point of destination, and after notice is then given to the carrier of the peculiar conditions from which special dam-

ages may arise while the goods are in its possession and under its control, the carrier could then take all precautions necessary to avoid loss on account of delay in making the delivery thereafter. The obligation to make delivery after the arrival of the goods at the point of destination would then begin, and notice of the peculiar conditions then given to the carrier would charge it with the special damages arising on account of the delay to make the delivery after such notice had been given. In such case the delay does not arise during the actual transportation of the goods, but it arises in the delivery of the goods after the transportation has been completed, and while the goods are still in the custody and under the control of the carrier. 3 Hutchinson on Carriers, § 1368.

This is the rule laid down in the case of *Bourland* v. *Choctaw, O. & G. Rd. Co.,* (Tex.) 90 S. W. 483, 3 L. R. A. (N. S.) 1111. In that case it was held that notice that failure to deliver cattle food in a carrier's possession for transportation would result in injury to the cattle, to entitle the shipper to recover damages for such injury, is sufficient if given to the carrier when the food has reached its destination, and need not be given when the contract for transportation is made, See 3 Hutchinson on Carriers, § 1368; 4 Elliott on Railroads, § 1732.

In the case at bar, the court found that the lavatories arrived at the point of destination on October 19, and that on October 22 the plaintiff notified defendant of the special circumstances entailing on him special damages growing out of a delay in making delivery of the goods. From the facts and circumstances adduced in evidence and the conduct of the defendant's agent when inquiry was made of him for these goods, the court was warranted, we think, in further finding that the goods when this notice was given were in the defendant's possession and under its control at its depot in Hot Springs, and that, either through the gross negligence of its agent or by reason of his wilful indifference, it failed or refused to make a delivery thereof until November 29, 1910. Under such circumstances, we are of the opinion that the defendant was liable for the special damages arising after the notice was given to the defendant of the special circumstances which might result in these damages. The special damages incurred by the plaintiff by reason of the delay in making the delivery

of the goods amounted to the judgment recovered, and we are of the opinion that the court committed no error in the judgment which it rendered.

The judgment is accordingly affirmed.