## Yazoo & M. V. R. Co. *v.* Jacobson.

[72 South. 889.]

1. CARRIERS. *Special damages. Notice to carriers.*

Where a cotton buyer of limited means and credit had purchased forty-seven bales of cotton to fulfill his contract for future delivery of one hundred bales, when he shipped the forty-seven bales, informed the railroad agent that he was loaded up with one hundred and fifty bales on hand and that if he did not get the forty-seven bales shipped through immediately he would be blocked from doing any further business; this was not sufficient notice to the railroad company to warrant his recovery against it for delay in delivery, special damages on account of the suspension of his business for twenty days for want of finances and credit, because of his inability to move out the cotton he had on hand his line of credit being exhausted.

2. SAME.

In order to recover special damages from a carrier for delay in shipment, it ought to clearly and certainly appear that at the time of the making of the contract of shipment, the railroad company had reasonable notice of the special circumstances rendering such damages the natural and probable result of the delay in the delivery of the shipment.

APPEAL from the circuit court of Coahoma county. Hon. W. A. ALCORN, Judge.

Suit by L. Jacobson against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*Manard & Fitzgerald* and *Greer & Green,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Coahoma county, Miss., against appellant in favor of appellee, for the sum of one thousand six hundred seventy-four dollars and seventy cents and costs, awarded as damages on account of the failure of the appellant to deliver forty-seven bales of cotton shipped from the station of Merigold to Clarksdale, within a reasonable time. The appellee is a cotton buyer of limited means and credit, who had his office in Clarksdale, Miss., and had been engaged in the business about six years in that territory. It is shown by his evidence that some time prior to the 8th day of November, 1912, the appellee, L. Jacobson, had made a contract of sale for future delivery of one hundred bales of cotton of a stipulated grade and quality to Sudduth & Co. of Vicksburg, Miss., and on the 8th day of November, not then having in his possession the necessary number of bales of cotton to complete delivery under his contract, he proceeded to Merigold, and there, during the 8th and 9th day of November, 1912, succeeded in purchasing forty-seven bales of cotton from sundry persons and procured the same to be delivered to the appellant railroad company to be transported to Clarksdale, Miss., and there delivered to the People's Compress. Appellee claims that he told the agent of the railroad company that the cotton had been purchased to make up the one hundred-bale lot which he had contracted to sell, and expressed his anxiety to have the cotton forwarded promptly to Clarksdale, and the agent promised to forward it promptly. A portion of the cotton (twelve bales) was forwarded to Clarksdale at once, but the remainder of the cotton was not sent forward for sev-

eral days, and after all of the cotton reached Clarksdale, it was not in fact actually delivered to the People's Compress until November 29th, about twenty days after it was turned over to the carrier at Merigold, the point of shipment. The appellee did not suffer any loss or damage on account of any fluctuation in the price of the cotton. It had already been sold by him for future delivery, at a fixed contract price before he bought it, and he was enabled to deliver it and did deliver it, under his contract for the sale of it, within the time prescribed, and he received for the forty-seven bales of cotton all that he could have received for it, if it had been delivered more promptly.

It further appears that the appellee, as a cotton buyer, had a line of credit of about fifteen thousand dollars. He had on hand several lots of cotton, and especially a one hundred-bale lot uncompleted under a contract of sale already made to Sudduth & Co. of Vicksburg. Appellee, on the 9th day of November, 1912, at Merigold, Miss., purchased several lots of cotton, aggregating forty-seven bales. This purchase exhausted his line of credit until he could move out some of the cotton already on hand. Upon the immediate reshipment of any of the cotton on hand, he could draw a draft on consignees and rehabilitate his line of credit to that extent. The forty-seven bales of cotton purchased at Merigold were designed to fill out the one hundred-bale shipment under contract, and if the cotton reached Clarksdale within a reasonable time, appellee's business would go smoothly on, but if unreasonably delayed, such delay would block up his business, tie up his bank account, and prevent him from exercising his calling until the shipment arrived and he could turn it over under the contract. This paralyzation of business not only extended to the forty-seven bales, but to all the cotton on hand, because of the fact that the forty-seven bales were intended to fill out the different other contracts so that the whole could be moved and other cotton pur-

chased. The plaintiff in the court below claimed that the delay in the shipment of forty-seven bales of cotton put him and his office force entirely out of business for a period of twenty days, as he had no finances nor credit with which to run his business until the forty-seven bales of cotton could be delivered. He testified that his services when operating his business were worth in profits as much as one hundred dollars per day; that is, that he would make that much per day in profits when engaged in buying and selling cotton in the usual course of business. He also claimed that his office force of two persons was compelled to remain idle for the twenty days.

With the above state of facts submitted to the jury, a verdict for one thousand six hundred seventy-four dollars and seventy cents was awarded against the appellant, from which it appeals here.

It appears from the record in this case that the verdict and judgment against the - appellant are based largely upon the claim of the appellee, Jacobson, that the unreasonable delay in delivering the forty-seven bales of cotton to him at Clarksdale rendered his financial condition such that he was unable to carry on his business until the delivery of this cotton was completed. In other words, the appellee contends that because he was limited in his finances and credit, the delay in the delivery of the cotton prevented him from doing business; that the negligence of the appellant railroad company was the proximate cause of this condition; and that the damage resulting to him growing out of this condition is chargeable to the appellant railroad company for its negligence in delaying the shipment of cotton. We do not think the damages awarded the appellee on account of the suspension of his business for twenty days for want of finances or credit were reasonably contemplated by the parties at the time of the acceptance of the shipment. But the appellee claims that he is entitled to one hundred dollars per day as profits

on his services, and the wages paid to his office force, as special damages; the nature and circumstances of which he claims to have given notice to the appellant railroad at the time he contracted to ship the cotton from Merigold to Clarksdale. We find from a thorough examination of the testimony in the record, regarding this alleged notice of special circumstances by the shipper, that the appellee, Jacobson, said to the agent of appellant at the time the cotton was accepted for shipment:

"I told him (the agent) from whom I bought the cotton, and I told him, I says, 'I am loaded up with one hundred and fifty bales here in Clarksdale, and if I don't get the forty-seven bales of cotton immediately, by Monday or Tuesday, you will block me off from doing any business; please ship that ahead immediately.' He says, 'I have got a car standing here, and that cotton will leave to-night; that was the 9th, Saturday night.'"

It appears that the above constitutes the notice of the special conditions existing at the time of the acceptance of the shipment by the appellant railroad company.

We do not think that this is sufficient notice to the railroad to warrant the appellee's recovering the special damages in this case. In order to recover the special damages claimed here, it ought to clearly and certainly appear that at the time of the making of the contract the railroad company had reasonable notice of the special circumstances, rendering such damages the natural and probable result of the delay in the delivery of the cotton. *Hadley v. Baxendale,* 9 Ex. 311; *American Express Co.* v. *Jennings,* 86 Miss. 329, 38 So. 374, 109 Am. St. Rep. 708. The claim by appellee that the railroad company, under the facts here, should pay him for becoming financially disabled to carry on his business is, to say the least of it, a very peculiar and unusual contention. We do not say that recovery cannot

be had in this character of cases when adequate and sufficient notice of the special conditions is given at the time of the acceptance of the shipment, though such ruling would be rather far-reaching in its effect, and make it hazardous to the common carrier to undertake such shipments when notice of the peculiar circumstances is given; but we hold in this case that the notice given by the appellee to the appellant railroad was insufficient to justify the infliction of such special damages. *American Express Co.* v. *Jennings,* 86 Miss. 329, 38 So. 374, 109 Am. St. Rep. 708; *Barnes* v. *Western Union Telegraph Co.,* 27 Nev. 438, 76 Pac. 931, 65 L. R. A. 666, 103 Am. St. Rep. 776, 1 Ann. Cas. 346; *Bixby-Theirson Lumber Co.* v. *Evans,* 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; *Moses* v. *Autuono,* 56 Fla. 499, 47 So. 925, 20 L. R. A. (N. S.) 350; *Mitchell* v. *Clarke,* 71 Cal. 163, 11 Pac. 882, 60 Am. Rep. 529; *Western Union Telegraph Co.* v. *Cooper,* 10 Am. St. Rep. 778, note; *Van Winkle & Co.* v. *Wilkins,* 12 Am. St. Rep. 304, note; *Baldwin* v. *United States Telegraph Co.,* 45 N. Y. 744, 6 Am. Rep. 165; *Griffin* v. *Colver,* 16 N. Y. 489, 69 Am. Dec. 718; *Masterton* v. *Brooklyn,* 7 Hill (N. Y.) 61, 42 Am. Dec. 38; *Cates* v. *Sparkman,* 73 Tex. 619, 11 S. W. 846, 15 Am. St. Rep. 806.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*