SOUTHERN EXPRESS COMPANY *v.* COUCH.

Opinion delivered April 26, 1920.

1. CARRIERS—FREIGHT SHIPMENT—LIABILITY FOR SPECIAL DAMAGES.— Notice given to the carrier after it has accepted goods for shipment of circumstances rendering prompt transportation necessary is not sufficient to fasten upon the carrier liability for special damages growing out of such circumstances on account of delay occurring during transportation.

2. CARRIERS—DAMAGE TO FREIGHT BY DELAY.—Where plaintiff's trunk was not delivered until nearly nine months after shipment, the measure of damages is their depreciation in value by reason of the delay.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; reversed.

STATEMENT OF FACTS.

Reed Couch sued the Southern Express Company to recover damages for its negligent delay in delivering to him a trunk containing his wearing apparel and watchmaking tools which he had delivered to said company for shipment from Magnolia, Arkansas, to Kansas City, Missouri.

According to the evidence adduced by Reed Couch, his brother delivered a trunk to the Southern Express Company some time in January, 1918, to be shipped to Reed Couch at Kansas City, Missouri. The trunk contained the wearing apparel, and watchmaking tools of Reed Couch. Reed Couch had been employed at Kansas City by a jeweler at $25 per week, and it was necessary that he should have his own watchmaking tools. Couch's brother valued the contents of the trunk at $150 at the time he delivered it to the express company for shipment. He did not notify the express company that the trunk contained the watchmaking tools of his brother. About two weeks after the trunk should have arrived at Kansas City in the ordinary course of the conduct of the business of the express company, Reed Couch called at the office of the company and then notified it that the delayed trunk contained his watchmaking tools, and that he was unable to procure others and was in danger of losing his posi-

tion on that account. He waited six weeks longer and, not hearing anything about his trunk, he accepted another position in which he received $75 per month. After about nine months, the express company traced his trunk and delivered it to him. Its contents, including his watchmaking tools, had been badly damaged. The watchmaking tools were valued at $50 by Couch when he put in his claim to the company for damages.

The jury returned a verdict in favor of the plaintiff in the sum of $300, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Stevens & Stevens,* for appellant.

1. The complaint did not state a cause of action. Loss of a job by the detention of one's tools can not be an element of damage. 34 Ark. 184; 36 *Id.* 260.

2. The evidence is not sufficient to support the verdict for the loss of salary and is excessive. The court erred in its instructions as to damages. No special damages for loss of salary should have been allowed, as plaintiff gave no notice to the express company of the necessity for prompt delivery. 71 Ark. 571; 88 *Id.* 77; 104 *Id.* 215; 46 *Id.* 485; 54 *Id.* 24; 58 *Id.* 617.

*Joiner & Harris,* for appellee.

1. The demurrer was general and properly overruled. 32 Ark. 131; 101 *Id.* 350; 102 *Id.* 287; 93 *Id.* 371. On demurrer the allegations of the complaint are taken as true. 104 Ark. 466.

2. By filing a general demurrer appellant waived all rights to file a special demurrer. 4 Ark. 74. See, also, 4 Ark. 76; 30 *Id.* 312; 31 *Id.* 301; 37 *Id.* 32.

3. There is no error in the instructions. 89 Ark. 111; 96 *Id.* 339; 91 *Id.* 224; 99 *Id.* 226; 89 *Id.* 154. The delay was unreasonable and notice was proprly given in ample time and the verdict is very small.

Hart, J. (after stating the facts). The court erred in instructing the jury that it might find special damages to the plaintiff for the delay in the delivery of the trunk

to him by the express company after he gave the latter notice that he would suffer special loss unless his trunk was delivered to him. The trunk containing the watch-making tools of the plaintiff was delivered to the express company for shipment to the plaintiff by the latter's brother. It is admitted that he did not give the express company any notice that the plaintiff would suffer special damages by reason of any delay in the carriage and delivery of the trunk.

Counsel for the plaintiff, however, bases the plaintiff's right to recover special damages upon the fact that he went to the office of the express company in Kansas City about two weeks after the trunk had been shipped and then gave it notice that he would suffer special damages if the trunk was not delivered to him. He says that he notified the company that the trunk contained his watchmaking tools and that they were necessary for him to have in order that he might hold the position in which he was then employed. This was not sufficient to entitle him to special damages. Notice given, after the carrier has accepted goods for transportation, of the circumstances rendering prompt transportation necessary is not sufficient to fasten upon the carrier liability for special damages growing out of such circumstances on account of delay occurring during transportation. The reason for the rule rests upon the ground that the carrier, if notified, may have an opportunity by special precaution to protect itself from loss. *C., R. I. & P. Ry. Co.* v. *King,* 104 Ark. 215. After the goods have arrived at the place of destination and are in the custody and control of the carrier at that place for delivery to the shipper or consignee, then the reason of the above rule would cease, if notice of the special circumstances is given to the carrier after the arrival of the goods at the place of destination and thereafter it wrongfully delays making the delivery.

This rule is not applicable to the facts presented by the record in the case at bar. It was not shown by the plaintiff that his trunk was at its destination at the time

he gave the notice to the express company. On the contrary it was then lost in transit, and it was too late for the common carrier to take any precautions to protect itself from loss.

In *Chicago, Rock Island & Pacific Ry. Co.* v. *Thomas,* 118 Ark. 406, where the precise question was involved, the court held that the information of circumstances whereby special damages might arise from a delay in the delivery of freight given, after the contract was made and during the period of transportation, was not sufficient to charge the carrier with liability for such special damages.

It follows that the court erred in submitting this question to the jury.

The trunk and its contents were lost in transportation and were not received at the point of destination until nearly nine months after shipment. The trunk and its contents, including the watchmaking tools, were then badly damaged. The plaintiff, however, admits that he received them at that late date in their damaged condition. His measure of damages then would be their depreciated value in their damaged condition when received by him.

It follows that the judgment must be reversed and the cause will be remanded for a new trial.