ALLEN T. PERCY, Receiver, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

MARCH 5, 1929.

*Charles Hutchinson* and *Earl Lansrud,* for appellant.

*J. G. Gamble* and *F. W. Miller,* for appellee.

FAVILLE, J.—The appellant is the receiver of a canning company located at Dexter. We shall refer to said company as the appellant. Appellant was engaged in the business of canning

corn. For the purpose of carrying on its business, appellant purchased cans in carload lots of the Continental Can Company of Chicago. Appellant seeks to recover special damages for injury to corn that appellant was unable to pack because of the delay in transporting certain carloads of cans which were shipped over appellee's railroad from Chicago to Dexter. Motion for directed verdict was based upon several grounds. It was sustained generally.

I. It is contended that the appellee was negligent in failing to transport certain of the cars in question and deliver them to the appellant within the ordinary and usual time required for transportation. The appellee seeks to excuse the delay in shipment by reason of the necessity to make certain repairs upon said cars. A fact question was here involved, for the determination of the jury, as to whether or not the appellee was negligent in the shipment of said cars. If there were no other question in the case, it would have been one for the consideration of the jury. However, in view of our conclusion upon the question of special damages, which we shall discuss hereafter, the question as to whether or not the appellee was negligent becomes immaterial in the final determination of the case.

II. At the outset, it is to be noticed that the action is not to recover damages for any injury to the shipment itself. The cans arrived in good condition, so far as shown by the record. Neither is the case of the class where, although the property shipped did not depreciate in quality, there was a loss of a favorable market by reason of the delay in shipment. The claim is solely for special damages for injury to corn which was in condition for packing, and which appellant claims could not be packed because of the failure to transport and deliver the cans in question promptly. The right, under proper circumstances, to recover for special damages caused by reason of delay in the transportation or delivery of a shipment is well recognized. The leading case on the subject is *Hadley v. Baxendale*, 9 Exch. 341, decided in 1854. This case has been cited by text-writers generally, and by many courts, both in England and in this country.

The general rule is that, in order that there may be recovery for special damages of the character herein considered, notice to the carrier of the purpose for which the shipment is intended and the necessity of prompt shipment and delivery must be given

before or at the time the shipment is accepted by the carrier. In *Elzy v. Adams Exp. Co.*, 141 Iowa 407, we thus announced the rule:

"The present weight of authority is that, where defendant has notice, at the time of shipment, of the existing facts out of which special damages would naturally arise to plaintiff by negligent delay in delivery, the defendant may be held liable for such special damages. The general rule in torts is that all damages naturally and proximately resulting from the injury are recoverable. This rule is construed to include special damages, such as are involved in this case, where the carrier has notice of the fact that delay in the delivery of goods will result in special damage to the shipper."

See, also, 3 Hutchinson on Carriers (3d Ed.), Sections 1367, 1368, 1369, and cases cited.

The record fails to show that any notice was given to the appellee, at or before the time of the shipment, of the use to which said cans were to be put, or the possibility of resulting damages by reason of delay in the shipment. The cans were consigned by the Continental Can Company to itself, as consignee. The purpose for which the cans were to be used was not disclosed to the appellee, at or before the time the shipment was made. It is argued that the appellee was charged with notice that the cans were intended to be used by the appellant in its business of canning corn, and that it knew that the canning season was short, and that the cans would be needed by the appellant promptly, and that delay would necessarily result in injury to the corn that was to be canned. The difficulty with this contention of the appellant's is obvious. There was nothing shown of record to apprise the appellee of the purpose for which the cans were to be used. Appellee merely accepted a shipment of cans from the Continental Can Company, as consignor, to the Continental Can Company, as consignee. The delay complained of was a delay of two or, at most, three days. Whether the cans which were being shipped by the Continental Can Company to itself, as consignee, were being shipped for resale or for storage or for inspection or for some other purpose, was in no way disclosed or made known to the appellee. Under the circumstances shown of record, the appellee cannot be charged with notice at or

before the time of the shipment that the cans were to be delivered to the appellant for the purpose of canning corn that was then ready for the pack. There is not a syllable of evidence in the record to disclose any knowledge or information imparted to appellee at the time of shipment, with regard to the use that was to be made of the cans. Even if it is to be inferred that the appellee was chargeable with notice that the cans were to be used for the purpose of canning corn, there is nothing in the record to show that the appellee was notified or informed in any way, at or before the shipment, that the appellant did not have an ample and sufficient supply of cans on hand to meet all contingencies. There is likewise an utter want of any evidence to show that the appellee was informed at that time of the amount of corn that the appellant intended to pack, or the condition of the corn, or any other facts or circumstances charging it with notice of peculiar conditions under which the cars were accepted for shipment. The case is clearly distinguishable from the line of authorities where the carrier is charged with notice of peculiar facts and circumstances under which a shipment is accepted, and which render a carrier liable to special damages for delay in shipment. The case of *Illinois Cent. R. Co. v. Hopkinsville Can. Co.*, 132 Ky. 578 (116 S. W. 758), is illustrative at this point. In that case, suit was brought to recover special damages for delay in the shipment of a carload of cans to a canning company, which cans were to be used for the purpose of packing tomatoes. The car of cans was delayed in shipment, and special damages were sought to be recovered, including the value of the tomatoes that were spoiled by reason of the delay. The court, after reviewing the cases, said:

"* * * there can be no recovery here of the special damages sustained by the canning company by reason of the tomatoes spoiling or the factory being suspended for want of cans, unless notice was given the carrier, at the time the shipment was made, of facts sufficient to apprise a person of ordinary prudence that such losses were to be anticipated from the delay of the cans on the journey."

In reviewing the evidence on the question of whether the carrier was notified of sufficient facts to apprise a person of ordinary prudence that losses of the character for which recovery was sought might be anticipated, the court said:

"A notice to rush all shipments is not a notice that special damages may be anticipated from the delay in a particular shipment. * * * The fact that the car was shipped in the packing season was not notice to the railroad companies that the cans were needed immediately, to prevent a factory from standing idle, or tomatoes from spoiling. The shipment was made to the order of the American Can Company, and for what purpose the American Can Company was shipping its own cans to its own order at Hopkinsville the shipment apprised nobody. To say that all cars must be rushed through in the packing season, and that the railroad company must anticipate during the packing season such damages as are here sued for, would be to presume that the business of packing is run without ordinary provision for such delays as may be often anticipated in the shipment of freight by railroads."

As sustaining this general rule, and as bearing on the subject of the sufficiency of notice to the carrier to charge it with special damages, see the following cases: *Chapman v. Fargo*, 223 N. Y. 32 (119 N. E. 76) ; *Yazoo & M. V. R. Co. v. Jacobson*, 112 Miss. 158 (72 So. 889) ; *Louisville & N. R. Co. v. Mink*, 126 Ky. 337 (103 S. W. 294) ; *Illinois Cent. R. Co. v. Brothers*, 12 Ala. App. 351 (67 So. 628) ; *Pacific Exp. Co. v. Redman* (Tex. Civ. App.), 60 S. W. 677; *Swift River Co. v. Fitchburg R. Co.*, 169 Mass. 326 (47 N. E. 1015) ; *Florida East Coast R. Co. v. Peters*, 72 Fla. 311 (73 So. 151), 77 Fla. 411 (83 So. 559) ; *Illinois Cent. R. Co. v. Johnson & Fleming*, 116 Tenn. 624 (94 S. W. 600) ; *Delaney v. U. S. Exp. Co.*, 70 W. Va. 502 (74 S. E. 512) ; *Traywick v. Southern Railway*, 71 S. C. 82 (50 S. E. 549).

From an examination of the record, we reach the conclusion that there was no notice to appellee, at or before the time of the shipment, that could be made the basis of the special damages for injury to the corn of the appellant for which relief is sought in this action.

III. Appellant contends that, after the shipment had been accepted by the carrier, and was in process of movement, the carrier was notified of the necessity of expeditious delivery of the cars of cans in question, and that delay resulted thereafter, and that because of such delay special damages resulted to appellant. The greater weight of authority is in accord with the rule announced in *Elzy v. Adams Exp. Co.*, supra, to the effect

that the notice of facts out of which special damage would naturally arise by negligent delay in transportation must be given *at or before* the time of the shipment. The reason for this is apparent, and that is that, in such event, the parties contract in view of the then known conditions, and act accordingly. It seems to be the general rule that a notice given after the carrier has accepted the goods for transportation of the circumstances rendering prompt transportation necessary, is not sufficient to fasten upon the carrier a liability for special damage growing out of delay. Cases supra; and *Chicago, R. I. & P. R. Co. v. King*, 104 Ark. 215 (148 S. W. 1035) ; 3 Hutchinson on Carriers (3d Ed.), Section 1367; 4 Elliott on Railroads (2d Ed.), Section 1731; *Bradley v. Chicago, M. & St. P. R. Co.*, 94 Wis. 44 (68 N. W. 410) ; *Gulf, C. & S. F. R. Co. v. Cherry* (Tex. Civ. App.), 129 S. W. 152; *Southern Exp. Co. v. Couch*, 143 Ark. 513 (220 S. W. 823) ; *New Orleans & N. E. R. Co. v. Miner Saw Mfg. Co.*, 117 Miss. 646 (78 So. 577).

The above rule with regard to notice after shipment has been made and is in transit, is to be distinguished from the rule which recognizes a liability under proper circumstances for failure to *deliver* after the shipment has reached its destination. There is no claim in this case of liability for failure to deliver promptly after the shipment had reached its destination at Dexter.

IV. The appellant also seeks to recover on the theory of a misrepresentation on the part of the agent of the appellee company. It is the contention of the appellant at this point that an officer of the appellant called upon the appellee's agent at Dexter, and made inquiry in regard to the cars in question, and received a message from said agent stating, in effect, that he had been advised that two cars of cans were at Valley Junction, about forty miles distant from Dexter, on a certain Wednesday night. This information was given on Thursday morning. As we understand the record, one of said cars did arrive on Thursday; the other did not. Appellant contends that it relied on the statement of the agent of appellee that both of the cars were at Valley Junction, and expected that, in the ordinary course of transportation, both cars would arrive within a day, and procured corn for packing, in reliance thereon. The officer of the appellant expected that, if both of said cars were at Valley Junction on Wednesday

night, they would arrive on a local freight on Thursday. The agent made no representations as to when the cars would arrive. One of said cars did arrive. The other did not. The record, however, fails to show any false representation by the agent of the appellee that could be made the basis of recovery, or that any new contract was entered into with regard to delivery of said car, or any act or thing done by the appellee that could be made the basis of liability for special damages because of the said representation by the agent of the appellee that said two cars were at Valley Junction at the time stated.

While there is some apparent conflict in the authorities upon the general propositions of law herein discussed, the greater weight of the adjudicated cases is clearly in support of the conclusions herein announced. The order of the district court in sustaining appellee's motion for a directed verdict must be, and it is,—*Affirmed.*

Albert, C. J., and Evans, Kindig, Wagner, and Grimm, JJ., concur.